## In re ROOSA.

(District Court, N. D. Iowa, Cedar Rapids Division. December 12, 1902.)

1. BANKRUPTCY—CONCEALMENT OF ASSETS—FRAUD—REVOCATION OF DISCHARGE.

May 14th the father of a bankrupt died, leaving a will bequeathing so much of his property as might be left after his wife's death to be equally divided among his children. June 18th, and after the probate of the will, the petition in bankruptcy was filed, no reference being made to the bankrupt's interest under the will. September 21st the bankrupt conveyed by warranty deed her interest in the estate, the consideration being more than sufficient to satisfy her liabilities. Notice of the proceedings in bankruptcy and of the application for discharge were sent to an objecting creditor at a wrong address, though the bankrupt had lived for many years in the creditor's neighborhood, and was well acquainted with him. The notice was not received, and the creditor did not learn of the matter until after the discharge had been granted. Held, that the facts disclosed such fraud on the part of the bankrupt as to necessitate a revocation of her discharge.

Submitted on application of G. W. Coleman for order revoking discharge heretofore granted to bankrupt.

Clark & Clark, for creditors.

W. G. Watkins, for bankrupt.

SHIRAS, District Judge. From the record of this case it appears that G. W. Coleman is the principal creditor of the bankrupt; that for 30 years he has resided on a farm in Monroe township, Linn county, Iowa, his post office for the past 20 years being the town of Robins; that the bankrupt has lived for many years in the same neighborhood, and is well and personally acquainted with the said Coleman; that, in setting forth in the schedules attached to the petition a statement of her indebtedness, the bankrupt gave, as the residence or post office address of the creditor, the city of Cedar Rapids, Iowa; that the creditor received no notice of the proceedings in bankruptcy nor of the application for a discharge, and did not learn of the fact that the bankrupt had instituted proceedings in bankruptcy until a neighbor informed him that he had seen a newspaper statement of the granting of the discharge, which information he received on the 12th day of September, 1902, the discharge having been granted on the 4th day of September, 1902, and thereupon he duly filed in this court an application for the revocation of the discharge, which was sent to the referee to take the testimony on the issues presented thereby, and the case has been finally submitted to the court on the evidence adduced by the respective parties. As a ground for defeating the petition for discharge, the creditor avers that the bank-

rupt intentionally failed to schedule the interest held by her under the provisions of the will of her father in the property of his estate, which interest she sold for the sum of $1,000, the sale being made on September 21, 1901. The evidence shows that S. K. Byse, the father of the bankrupt, died on May 14, 1901, at Toddville, Iowa, leaving a will which was duly probated in the district court of Linn county, Iowa, on the 15th day of June, 1901; it being declared in said will that "at my death my wife, Loretta Byse, shall have the use of all the property of which I may die seised, both real estate and chattel property, during her lifetime. At her death the amount she may have left shall be equally divided between my three children, viz., Charity Hepker, Hesekiah Byse, Delilah Roosa, and my grandson Ellin Monison." The petition in bankruptcy was filed on the 18th of June, 1901, but no reference was made in the schedules to the interest coming to the bankrupt under the will of her father. On the 21st day of September, 1901, the bankrupt, for the named consideration of $1,000, conveyed by warranty deed to Henry Hepker the undivided one-fourth of the realty which formed part of the estate of her father. This sum was far more than was needed to pay off in full the debts scheduled by the bankrupt, but she did not account for the same to her creditors, but subsequently applied for a discharge, without giving notice to the principal creditor.

Some discussion has been had by counsel with respect to the interest taken by the bankrupt under the will of her father in the realty owned by him at the date of his death, but it is not necessary to consider this question at any length. Whatever her interest was it was vested in her when she filed her petition in bankruptcy, and she did not set forth any statement concerning the same in the schedules attached to her petition.

The facts show that in the September following she discovered that she had an interest in the realty passing under the will of her father' of such a nature that she was willing to sell the same and to warrant her title thereto. The interest she sold was not one acquired after the adjudication in bankruptcy, but it had been created by the death of her father and the probate of his will before she filed her petition in bankruptcy.

The evidence justifies the conclusion that the proceedings in bankruptcy were instituted for the purpose of enabling the bankrupt to protect the interest coming to her under her father's will from liability for her debts. Even if this be not true, good faith on her part required of her, when she ascertained that she had such an interest in her father's estate that she was enabled to sell the same for an amount exceeding her indebtedness, to have amended her schedules and accounted for the proceeds realized by her, instead of keeping the facts concealed from the court and from the creditors, and securing the granting of a discharge through the device of sending notice of the application for a discharge in such a way as to prevent its reaching the creditor.

As the facts proven show that the discharge was obtained through the fraud of the bankrupt, in sending notice of the application for discharge to Cedar Rapids, Iowa, instead of to Robins, Iowa, the proper

post office address of the creditor, and that knowledge of the fraud did not come to the creditor until after the granting of the discharge, and that the actual facts did not warrant the granting the discharge for the reason that the bankrupt had appropriated and concealed assets of her estate to an amount in excess of all the debts scheduled by her, it follows that the discharge heretofore granted the bankrupt must be revoked and set aside, and the petition therefor must be refused.