CASE 47.—ACTION BY SARAH FIBLE AGAINST W. L. CRABB ON NOTES EXECUTED BY DEFENDANT TO HER DECEASED FATHER AND ASSIGNED TO HER BY HER FATHER'S ADMINISTRATRIX.—September 25.

## Fible v. Crabb

Appeal from Henry Circuit Court.

R. F. PEAK, Circuit Judge.

Judgment for defendant. Plaintiff appeals—Reversed.

Bankruptcy—Effect of Discharge—Failure to List Creditor.—
Under Bankr. Act July 1, 1898, c. 541, section 7, 30 Stat., 548
(U. S. Comp. St. 1901, p. 3425), requiring the bankrupt to
submit with his petition a list of his creditors, showing their
residence, if known, and the amount due to each, and sec-
tion 17, providing that a discharge in bankruptcy shall re-
lease a bankrupt from his debts, except such as have not
been duly scheduled, bankrupt having purchased property of
the widow of D. M. Fible, and, on her death, the notes given
by bankrupt for deferred payments having been divided
between her daughters, to the knowledge of the bankrupt,

and he having listed such liability as an indebtedness to "D. M. Fible's estate," and such daughters having had no notice or knowledge of pendency of the bankruptcy proceedings—the discharge did not release bankrupt from liability on the notes.

W. O. BRADLEY for appellant.

### POINTS AND AUTHORITIES.

1. A discharge in bankruptcy under the Act of 1898, does not bar a creditor who is not named in the schedule, whose residence is not given, if known, or if unknown so stated, who has had no notice and who had no actual knowledge of the proceedings. (U. S. Comp. Statutes, sec. 7, p. 3425; U. S. Comp. Statutes, sec. 17, p. 3428; Gatliff v. Mackey, 104 S. W., 379; 31 Ky. Law Rep., 947; Custard v. Wiggerson (Wisconsin) 17 Am. Bankrupt Rep., 337; Liesum v. Kraus, 35 Misc. Rep., 376; 71 N. Y. Supp., 1022; Haak v. Thiese 99 N. Y. Supp., 905; 16 Am. Bankrupt Rep., 481; Columbia Bank v. Birkitt, 107 Am. Stat. Rep., 478; 9 Am. Bankrupt Rep., 478; Birkett v. Columbia Bank, 195 U. S. S. C., 345; 449 L. Ed., 232.)

2. Courts of Kentucky have jurisdiction to try whether name of creditor and residence scheduled, property, notice given, etc., so as to bar creditors. (Jones v. Walter, 115 Ky., 556.)

W. S. PRYOR for appellee.

The record shows that appellee surrendered all his estate to his creditors and has taken no steps to avoid paying his debts or to obtain a discharge in bankruptcy without notice to appellant or other creditor.

We submit that the court will not disturb a verdict unless flagrantly against the evidence.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—Reversing.

W. L. Crabb and D. M. Fible were partners in a whisky distillery in the 70's and later. They incorporated their business, the stock to have issued equally to each of them; but before the shares were actually

issued and delivered D. M. Fible died. By his will he bequeathed the stock to his widow, Harriett Fible. Certificates were subsequently issued to her by the corporation, and delivered by Crabb. Later she sold her shares to appellee, Crabb, for about $15,000, about $12,000 of which was deferred and represented by certain notes now sued upon in this action. Crabb made small payments on the notes from time to time. Harriett Fible died intestate at Chicago. Her two daughters were her only heirs. One of them administered upon her estate, and the Crabb notes were divided between them. He was apprised of the fact of their ownership. Besides, he was on intimate terms of acquaintance with them, knew their post-office addresses, and received letters from them and wrote letters to them on the subject of these notes, making a number of small payments on them to the two daughters. In 1903 appellee, having some years previously made a deed of assignment of all his property for the benefit of his creditors, filed his petition in the United States District Court for Eastern District of Kentucky to be discharged of his debts and liabilities. In his schedules he listed among his liabilities as follows: "D. M. Fible estate, Chicago, Ill., $12,000." Notice was mailed to that address, but neither appellant nor her sister (who were the two daughters of the late Mrs. Harriett Fible) received the notice, nor had any notice or knowledge of the pendency of the bankruptcy proceedings. Appellant recently sued appellee to recover judgment upon the notes which she held, and which had been assigned to her by the administrator of Harriett Fible. Appellee relied on his discharge in bankruptcy. The question is: Was the debt sued on sufficiently scheduled in the bankrupt's proceedings to bring it within the benefit of the statute?

Bankr. Act July 1, 1898, c. 541, section 7, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3425), requires the bankrupt to submit with his petition "a list of his creditors, showing their residence, if known, if unknown that fact to be stated, the amounts due to each of them, the consideration thereof," etc. And by section 17 (page 3428) it is provided: "A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as (1) are due as a tax levied by the United States, the State, county, district or municipality in which he resides; (2) a judgment in action for frauds or obtaining property under false pretenses or false representations, or for willful and malicious injuries to the person or property of another; (3) or have not been duly scheduled in time for proof and allowance, with name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." The benefits of the statute can be had only by a compliance with its conditions. A discharge is obtainable from provable debts by "duly scheduling" such debts, which is to list the creditors, showing their residence, if known, and, if unknown, to state that fact. It is allowed, we see, that the debtor may not know his creditor's residence, or where he may be expected to be found, but it is not allowed that the creditor's name be omitted from the list at all. The statute is specific in its declaration that, "unless the name of the creditor is given," the discharge shall not operate upon his claim, unless he had actual knowledge or notice of the proceedings. The bankrupt law was designed to relieve overwhelmed debtors from their liabilities, if they but freely and truly surrendered all their property, saving exemptions, to all their creditors. Unless they should be compelled to give a correct list of all

their creditors, so that they might be brought into the proceedings by the court, it might happen, and frequently would, that the debtor would not give a correct list of all his property. The unworthy would thus use the statute, passed for the benefit of the unfortunate, as the means of perpetrating a fraud upon his creditors. No one else is so apt to know all a man's property as his creditors are. All his creditors are required to be named, else by selecting such as he knew were ignorant of his property, and omitting such as had knowledge of it, the debtor could still work a fraud on his creditors, and make the law and its machinery the means of doing it. So the statute wisely requires the bankrupt, as a condition precedent to obtaining a discharge from his debts, that he shall name all his creditors, and as to such as not named (unless they themselves had notice) the discharge shall not operate to discharge their claims. The statute ought to be applied strictly, else its real purpose will be but an incident of its existence, while its perversion to ignoble ends will be its main use. We find that appellee did not list appellant as a creditor. The listing of ''D. M. Fible's estate, Chicago, $12,000,'' was not enough. D. M. Fible's estate was not his creditor, and had never been. Whether appellee made an error, due to misrecollection in making out his list, as we think likely, or whether he designedly omitted the name of appellant, is not material. His good faith, or lack of it, does not affect the question, as the statute makes no allowance on account of mistakes. Appellant's name not being given in the list filed with appellee's petition in bankruptcy, the benefits of that act as to her claim, by the express exception of the statute, do not apply, and her claim is unaffected by those proceedings.

There was an effort made to show that appellant

vol. 129—30

had actual notice of the pendency of the proceedings. Mr. A. D. Hudson testified that, while she was visiting his home in 1905, he discussed with her the bankruptcy proceedings. Appellant denied the fact. But, whether one or the other was mistaken or misremembered, the matter is immaterial, as appellee was discharged in bankruptcy in March, 1903, and there is no evidence to show she had any knowledge or notice of the proceedings before that date. The judgment should have been in appellant's favor.

Reversed and remanded for proceedings consistent herewith.