BOARDMAN J. PARKER *vs.* WALTER F. MURPHY.

Suffolk. March 7, 1913. — May 24, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Audita Querela. Bankruptcy. Practice, Civil,* Appeal.

If the defendant in an action of contract in the Superior Court, after the service of the writ upon him, files a petition to be adjudicated a bankrupt under the national bankruptcy act and is so adjudicated, but does not set up the pendency of the bankruptcy proceedings in the action in the Superior Court or seek a postponement of those proceedings pending the determination of the question

of his discharge in bankruptcy, and if a judgment is rendered against him in the Superior Court and thereafter he obtains his discharge in bankruptcy, *it is doubtful* whether he can maintain a writ of audita querela to prevent the enforcement of an execution issuing on such judgment.

Audita querela is a common law writ, and, by R. L. c. 192, § 1, the rules of practice applicable to it are those prevailing in actions at law. Thus the findings of fact made by a judge of the Superior Court at the trial of such a writ are not to be revised, if there is any evidence to warrant them.

Where the plaintiff in an audita querela contends that he is entitled to have proceedings on an execution in an action at law against him enjoined because of a discharge in bankruptcy obtained on a petition filed by him after the bringing of the action at law, and it appears that he gave no notice of the bankruptcy in the action at law, and that the name of the plaintiff in the action at law is given in the schedule which he filed with his petition in bankruptcy as of a "residence unknown," the burden is upon him to prove that the plaintiff in the action at law received notice of the pendency of the bankruptcy proceedings in season to prove his claim there and object to a discharge. On the foregoing facts, with other evidence, a finding of a judge that such burden had not been sustained was held to be warranted.

RUGG, C. J. This is a writ of audita querela. The plaintiff asks relief from a judgment, recovered by the defendant against him, on the ground that the debt on which that judgment was founded was barred by the plaintiff's discharge in bankruptcy. The undisputed facts are that an action at law in the Superior Court on three promissory notes was brought by the defendant against the plaintiff. Thereafter, while this action was pending, the plaintiff after filing his petition therefor was adjudicated a bankrupt. The fact of bankruptcy was not pleaded in the action at law and was in no way called to the attention of the court, and in due course judgment was entered in favor of this defendant against the plaintiff. Afterwards, the plaintiff received his discharge in bankruptcy.

It is established that a writ of audita querela will not avail a complaining party who has had a legal opportunity of defense, or where the alleged wrongful judgment from which he seeks release is attributable to his own neglect. *Lovejoy* v. *Webber,* 10 Mass. 101, 103. *Radclyffe* v. *Barton,* 161 Mass. 327, and cases cited at 331. It is at least doubtful whether upon these facts the plaintiff is entitled to maintain his writ. It is true that the present federal bankruptcy act (U. S. St. 1898, c. 541, § 11) makes compulsory a stay of an action, pending upon a claim to which a discharge in bankruptcy would be a bar, only until after an adju-

dication upon or dismissal of the petition in bankruptcy. Further stay for a period of twelve months, or until the question of discharge is determined, if application therefor is made within such time, is discretionary with the court. *Feigenspan* v. *McDonnell*, 201 Mass. 341, 346. Nevertheless, in the simple action at law upon a claim to which a discharge in bankruptcy would be a bar, where no rights of or against third persons are involved, such as existed for instance in *Rosenthal* v. *Nove*, 175 Mass. 559, and no ulterior interests are affected, the usual procedure is for the bankrupt to plead the pendency of bankruptcy proceedings and ask for a continuance until he can obtain and plead his discharge. This is pointed out in *Rogers* v. *Abbot*, 206 Mass. 270, 274. See also *Faxon* v. *Baxter*, 11 Cush. 35. If the present plaintiff had pursued that course it is highly probable that no judgment would have been rendered against him. We do not rest the decision upon this ground, as neither party has argued it, but proceed to consider the case upon its merits.

The case was heard at length by a judge of the Superior Court,* who found in substance that the debt due from the plaintiff to the defendant was not "duly scheduled in the schedules of the debts of the bankrupt, the residence having been given therein as unknown, and the burden being upon the plaintiff to establish the allegation . . . that he ' did all things required to be done under and by virtue of the bankruptcy laws of the United States to give notice to the respondent of his proceedings in bankruptcy,' " found "upon all the evidence he has not proven that fact or that the respondent had actual knowledge of the proceedings in bankruptcy." After making these findings of fact, the judge found generally for the defendant and then reported the case to this court, presenting the question, "whether or not upon all the evidence the discharge in bankruptcy of the complainant discharged the claim of the respondent, including thereunder the question of whether or not all the requirements of the bankruptcy act were complied with by said complainant or that the creditor, said respondent, had notice or actual knowledge of the proceedings in bankruptcy so as to make said discharge effective as against the claim in the hands of said respondent. If from

---

\* *Stevens,* J.

all the evidence herein the discharge in bankruptcy affects the respondent's claim, then the respondent is to be granted a new trial; otherwise, if the finding of the trial judge was right the same is to be affirmed."

An audita querela is a common law writ, and by R. L. c. 192, § 1, the forms of process shall be those heretofore established and the "proceedings so far as appropriate shall be the same as in personal actions," that is, as in actions at common law. See R. L. c. 173, § 1. Although the nature of the remedy is equitable, the rules of practice applicable to it are those prevailing at common law. Upon this report, therefore, the question presented is, as in the ordinary action at law, whether there was any evidence warranting the findings of the judge, which are not to be set aside unless wholly unsupported. His decision of questions of fact is not to be revised.

Section 17 of the bankruptcy act provides that a discharge in bankruptcy shall release the debtor from all provable debts "except such as . . . have not been duly scheduled . . . unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." Claims are not duly scheduled unless the names of the debtor's "creditors showing their residences, if known," are on the list of creditors filed. Section 7, cl. 8. The burden of proving that he did all things required of him under the bankruptcy law to give notice to the respondent creditor of the bankruptcy proceedings or that the latter had actual knowledge of them rests upon the plaintiff in this case. *Wylie* v. *Marinofsky,* 201 Mass. 583. *Wineman* v. *Fisher,* 135 Mich. 604, 608.

The requirement for duly scheduling the names and residences of creditors is a most important one. It is in compliance with the generally recognized principle that one shall not be barred of his claim without the opportunity of having his day in court. It is for the benefit of the creditors and in the interest of fair dealing with them and is to be construed in harmony with this purpose. It is essential in order that notices in the bankruptcy proceeding may be sent him. It has been construed with some strictness. *Birkett* v. *Columbia Bank,* 195 U. S. 345. *Custard* v. *Wigderson,* 130 Wis. 412.

It seems plain that the finding that the debt from the plaintiff to the defendant was not properly scheduled was not unsupported

by the evidence. The plaintiff knew that the defendant's action at law against him had been brought about eleven months before his petition in bankruptcy and was pending against him. It is common knowledge that the residence of the plaintiff is stated in the ordinary writ and in the summons or copy handed to the defendant. A simple reference to a paper presumably in his possession or to a court record of the existence of which he was well aware would have furnished him with the information as to the creditor's residence. An inference by the trial judge under these circumstances that the debtor knew the residence of his creditor would have been justified. But whether this inference was drawn or not, there was evidence that the debtor failed to avail himself of information close at hand. A finding would have been warranted that he might have ascertained the residence by the exercise of the reasonable diligence which the importance of the subject imposed upon him. The want of knowledge which will excuse a debtor from putting the residence of his creditor in the list is not that which may exist without attempt to gain the information, but that which arises after reasonable effort has been made to find out. Clearly the finding that the creditor did not have notice or actual knowledge of the bankruptcy proceedings was warranted by the evidence.

*Judgment for the defendant affirmed.*

The case was submitted on briefs.

*H. L. Baker & F. K. Rice,* for the plaintiff.
*J. E. Crowley,* for the defendant.