[Civ. No. 4129. Third Appellate District.—June 20, 1930.]

THEODORE W. BROWN, Respondent, v. E. TROPP, Appellant.

De Groot & Schaumer and Samuel De Groot for Appellant.

Meserve & Meserve and Timon E. Owens for Respondent.

FINCH, P. J.—This is an appeal by the defendant from an order denying his motion to recall an execution issued on the judgment herein and to stay the execution of the judgment perpetually, on the ground that the judgment "was discharged by the defendant being adjudicated bankrupt on the 10th day of July, 1926," and "discharged in bankruptcy on the 5th day of November, 1926, and . . .

that the claim upon which the judgment was obtained was scheduled as a liability in said bankruptcy."

It appears that the judgment, which was for the amount of a promissory note and interest thereon, was entered December 10, 1924. In his affidavit in support of the motion the defendant states "that he filed his schedules in said bankruptcy and in the said schedules was included the name of the plaintiff, . . . Theodore Brown; that the address of the said Theodore Brown at the time of filing said schedules was unknown to the affiant; that this affiant exercised every means in his possession in the city of San Francisco to determine the address of said Theodore Brown; that this affiant believed that one Carroll Allen, attorney in the city of Los Angeles, was acquainted with said Theodore Brown and said Theodore Brown's address, being unknown to the affiant, his address was scheduled in care of said Carroll Allen, of the city of Los Angeles, State of California."

The affidavits on behalf of the plaintiff are amply sufficient to warrant the inference that, at the time the schedule was filed, the defendant knew that the plaintiff was residing in Los Angeles and his particular street address therein; that the plaintiff had no notice or knowledge of the bankruptcy proceedings prior to June 20, 1927; and that he was not formally notified of said proceedings or notified to file his claim therein until July 9, 1927; and it must be presumed in support of the order that the court found the facts accordingly. The time for making proof of claims expired July 10, 1927.

Section 7 of the Bankruptcy Act provides that a bankrupt must set forth in his schedule "a list of his creditors, showing their residences, if known; if unknown, that fact to be stated." Section 17 provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

Since the defendant knew the residence of the plaintiff and failed to state it in his schedule, the burden was on him to prove that the plaintiff had notice or knowl-

edge of the proceedings in bankruptcy. (*Hill* v. *Smith,* 260 U. S. 592 [67 L. Ed. 419, 43 Sup. Ct. Rep. 219]; *Miller* v. *Guasti,* 226 U. S. 170 [57 L. Ed. 173, 33 Sup. Ct. Rep. 49]; *Santa Rosa Bank* v. *White,* 139 Cal. 703 [73 Pac. 577].) It has been held sufficient in such a schedule to give the name of the city in which a creditor resides, without stating his street address. (*Kreitlein* v. *Ferger,* 238 U. S. 21 [59 L. Ed. 1184, 35 Sup. Ct. Rep. 685].) But the defendant not only failed to state the plaintiff's street address, but he gave a false address. The plaintiff states in his affidavit that he did not know Carroll Allen and had never heard his name mentioned "until advised thereof by the reading of the affidavit of said defendant." It is to be presumed that the court found this statement to be true.

■ The fact, if it be a fact, that the plaintiff had knowledge of the bankruptcy proceedings on and after June 20, 1927, is not sufficient to warrant a reversal of the order. in *Birkett* v. *Columbia Bank,* 195 U. S. 345 [49 L. Ed. 231, 25 Sup. Ct. Rep. 38], it appears that the bankrupt was discharged September 12, 1899, and the creditor in question had no notice or knowledge of the proceeding until November, 1899. After stating these facts, the court said:

"Knowledge, therefore, it is contended, came to defendant in error in time to prove its claim (sec. 65), and to move to revoke the discharge of the bankrupt (sec. 15). It is hence argued that defendant in error must be held to have had 'actual knowledge of the proceedings in bankruptcy,' as those words of section 17 must be construed. We do not think so, nor is that construction supported by the other provisions of the law urged by plaintiff in error. Actual knowledge of the proceedings, contemplated by the section, is a knowledge in time to avail a creditor of the benefits of the law,—in time to give him an equal opportunity with other creditors,—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate, or to deprive him of dividends (sec. 65). The provisions of the law relied upon by plaintiff in error are for the benefit of creditors, not of the debtor. That the law should give a creditor remedies against the estate of a bankrupt, notwithstanding the neglect or default of the bankrupt, is natural. The law would be, indeed, defective without them. It would

also be defective if it permitted the bankrupt to experiment with it,—to so manage and use its provisions as to conceal his estate, deceive or keep his creditors in ignorance of his proceeding, without penalty to him. It is easy to see what results such looseness would permit,—what preference could be accomplished and covered by it.''

█ In the affidavit of the trustee in the bankruptcy it is stated that no dividends were declared prior to July 10, 1927; that the affiant received all of the votes of all the creditors attending a meeting called to elect a trustee, and that had the plaintiff been present at such meeting and had ''voted for any other trustee, it would not have made any difference in the election of trustee and affiant would nevertheless have been so elected.'' As stated in the case last cited, the plaintiff was entitled to ''an equal opportunity with the other creditors'' to participate ''in the administration of the affairs of the estate,'' and this right is not to be disregarded on the surmise or conjecture that his participation therein would have ''made no difference''.

The order is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.