KUNDERT, Appellant, vs. RIESE, Respondent.

*April 26—June 21, 1937.*

For the appellant there was a brief by *McGeever, McGeever & Leahy* of Madison, and oral argument by *W. C. McGeever*.

For the respondent there was a brief by *Elmer & Peterson* of Monroe, and oral argument by *Marshall Peterson*.

FAIRCHILD, J. The trial court did not prepare any formal findings of fact, but it is apparent that he intended to include the actual facts stipulated by the parties and set forth in the memorandum filed at the time of the trial. From these facts the inference was drawn that the bankrupt, respondent here, filed his petition in bankruptcy, duly scheduled and listed his creditors, including the appellant, and so substantially complied with the requirements of the rules of procedure in such matters as to be entitled to a discharge from all debts existing and provable at the time. The bankrupt's lawful name is Frank Martin Riese. He more frequently, in fact usually, used only the appellative Martin. He signed the note for the collection of which this action is brought by using the words "Martin Riese." It was dated February 25, 1924. Interest was paid upon it up to 1931. Nothing was paid thereafter. The parties lived in the same general neighborhood. Plaintiff was the only J. B. Kundert in Monroe, and while the

decision does not turn on the point of actual notice, and there is no finding either way, the stipulation referred to in the statement of facts does not amount to a concession or agreement that plaintiff did not have actual notice. The stipulation that he would.so testify did not bind anyone to accept his testimony as true. *People v. Vermilyea,* 7 Cow. (N. Y.) 369; *Smith v. Smith,* 174 Ill. 52, 50 N. E. 1083, 43 L. R. A. 403.

There is no charge or claim of fraud or attempt to conceal anything in connection with Riese's estate or creditors. The questions raised came about by reason of the defendant's usual use of the style "Martin Riese," and his petition in the bankruptcy proceedings under his true name of Frank M. Riese. The likelihood of plaintiff's noticing the matter may have been thus lessened, but the debt due him was by the court found to be properly scheduled and jurisdiction over it with power to discharge was thus obtained. It appears from the record before us that Frank M. Riese scheduled plaintiff among his creditors and fully described his obligation as follows: "Creditors whose claims are unsecured . . . J. B. Kundert . . . Residence . . . Monroe . . . When contracted . . . 1928 . . . Nature and consideration of the debt . . . evidenced by note. Loaned as int. on real estate mortgage primarily. . . . Amount $2,000;" that notices were mailed as provided by law. There must, of course, be a valid petition in order to give the court jurisdiction of the petitioner's estate, but the scheduling of creditors is one of two alternative essentials of jurisdiction to discharge a creditor's claim. The validity of a petition is not destroyed where an honest bankrupt is known by a nickname in his community and files under his true name, and the jurisdiction to discharge attaches and remains where, accompanying his petition, is a proper schedule of his creditors and obligations. There being no purpose to attempt to mislead or deceive anyone, and the bankrupt having submitted his estate to the court in a proper

proceeding, jurisdiction to discharge the claim then depends upon the existence of one of two facts: (a) The debt must have been duly scheduled in time for proof and allowance; or (b) the creditor must have had notice or actual knowledge of the proceedings. 1 Collier, Bankruptcy (13th ed.), p. 627. Mere want of notice or knowledge will not prevent the discharge becoming operative if the debt was duly scheduled. In *Travis v. Sams,* 23 Ga. App. 713, 99 S. E. 239, 240, 43 A. B. R. 557, it was held that the evidence showed that the plaintiff did not have notice or actual knowledge of the proceedings in bankruptcy, but because it was silent as to whether his claim was duly scheduled the trial court erred in "rendering a judgment in favor of the plaintiff; and the judge of the superior court, upon the hearing of the *certiorari,* properly granted a new trial, and, as a question of fact was involved, did not err in failing to render a final judgment for the defendant."

The objection that the scheduling was not sufficient because the plaintiff's residence was given as Monroe, without specifying that it was Monroe, Wisconsin, does not stand the test of reasonableness under the circumstances of this case. *Kreitlein v. Ferger,* 238 U. S. 21, 35 Sup. Ct. 685. While the requirement of duly scheduling the names and residences of creditors is a most important one, and has been construed with some strictness, we cannot reach the conclusion that, where all the creditors were residents of Wisconsin except three whose addresses included the name of the state where they lived, where the debtor and the attorneys presenting the petition were from Monroe, Wisconsin, and where notices were ordered to be inserted in the newspaper at Monroe, Wisconsin, that there was not a sufficient identification and description of the creditor to meet the demands of the statute and to warrant the referee in bankruptcy in mailing the notice to the creditor at Monroe, Wisconsin.

*By the Court.*—Judgment affirmed.