## In re D'ALESSIO.
### No. 67566.

District Court, S. D. New York.
May 25, 1938.

Morris Wagman, of New York City, for creditor.

Lancelot Armstrong, of New York City, for bankrupt.

PATTERSON, District Judge.

The bankrupt obtained discharge on June 23, 1937. Kinne, a creditor, later filed a petition to have the discharge revoked on the ground that it was obtained through fraud of the bankrupt. Kinne was listed as a creditor in the bankrupt's schedules with the address of 1440 Broadway, New York City. The petition for revocation shows that his actual residence was at 606 West 116th Street, New York City, as the bankrupt knew from papers in his possession; that 1440 Broadway is a large office building in which Kinne never had a location; that while his attorney has his office there, mail addressed to Kinne at that address would not reach him unless it was addressed in care of his attorney; that no notice or knowledge of the bankruptcy came to him until a month or so ago, after he had commenced suit against the bankrupt to recover on his claim. The petition further shows that Kinne's claim arose through a loan of $5,000 to a company in which the bankrupt was interested, for which loan he took a note indorsed by the bankrupt and his wife; and it is alleged that Kinne in making the loan relied on financial statements in writing as to the financial condition of the bankrupt's wife and of the company, which statements were false and known by the bankrupt to be false. A copy of the $5,000 note is annexed, from which it appears that the place of payment was at the office of Kinne's attorney, 1440 Broadway.

By section 15 of the Bankruptcy Act, 11 U.S.C.A. § 33, discharge of a bankrupt may be revoked where it was obtained through fraud and the actual facts did not warrant the discharge, provided application is made within one year and there is no undue laches. The listing of a creditor at a wrong address when the correct address is known, for the purpose of keeping the bankruptcy secret and preventing that creditor from opposing the discharge, is held to be fraud practiced in obtaining discharge. In re Roosa, D.C., 119 F. 542. Here the creditor was listed with an address that was altogether inadequate, but it may be doubted whether the address was deliberately mis-stated. The address would have been sufficient if the attorney's name had been given, and the failure to add his name or the room number may have been owing to the bankrupt's carelessness. A choice between fraud and negligence need not be made, however, since the application must be denied on another point.

A creditor who asks that a discharge be revoked is required to make a fair showing that the actual facts did not warrant discharge, that if the matter is reopened there is reason to believe that the bankrupt will not win a discharge. In this respect the petition is like a motion to open a default and should embody the equivalent of an affidavit of merits. In re Carobine, D.C.N.Y., 8 F. Supp. 605. This petition does not make any such showing. It is not ground for denying discharge that false statements concerning the financial condition of the bankrupt's wife or of a company in which he was interested, known by him to be false, led to the making of the loan. Since the 1926 amendment to section 14 of the Act, 11 U.S.C.A. § 32, the false statement in writing that will bar discharge must be one respecting the bankrupt's financial condition. Little v. Commercial Bill Corp., 2 Cir., 65 F.2d 777; In re Scheffler, 2 Cir., 68 F.2d 902. Whether a false statement concerning the financial condition of a company in which the bankrupt was the sole stockholder may be deemed a false statement concerning the bankrupt's financial condition need not be decided, for there is nothing to indicate that this bankrupt was the sole stockholder of the company to which the loan was made; in fact it appears that certain shares in the company were owned by his son.

The application for vacating the discharge must accordingly be denied. It may be observed that the petitioning creditor is not seriously affected by denial of the relief sought. His claim was not properly scheduled because of the wrong address, and if his assertion that he had no notice or actual knowledge of the bankruptcy be true, the discharge will not bar recovery against the bankrupt in the suit brought by the creditor in the state court.