[Civ. No. 14848.   Second Dist., Div. One.   Oct. 11, 1945.]

PHOEBE ARMSTRONG MARLENEE, as Executrix, etc., Respondent, v. J. H. WARKENTIN, Appellant.

Henry M. Lee for Appellant.

Vere Radir Norton and W. H. Gregory for Respondent.

YORK, P. J.—This is an action to renew a judgment recovered by respondent on December 28, 1936, against appellant in the sum of $14,476. The only defense pleaded is a discharge in bankruptcy.

From a judgment decreeing that "the liability of the defendant to the plaintiff, as evidenced by the said judgment, duly made and entered on December 28, 1936, as aforesaid, is a liability for a willful and malicious injury to the property of plaintiff, and further said liability has not been discharged, in whole or in part through the operation of a discharge in bankruptcy, or otherwise, and the same now remains an existing liability of the defendant to the plaintiff in the sum of $14,552.20, this appeal has been perfected, it being urged by appellant that the trial court erred in its findings of fact numbered fifth and sixth, and in denying his offer to produce certain documents in evidence.

The court admitted in evidence the pleadings, findings and judgment in the original action, as well as a certified copy of the discharge in bankruptcy and a portion of the schedule, and found, among other things, as follows:

"Fourth: It is true that the defendant was adjudicated a bankrupt on February 13, 1937, by the District Court of the United States at Los Angeles, California, and that on September 7, 1937, he was discharged from all provable debts and claims against his estate which existed on February 13, 1937, which were duly scheduled and not excepted by law from the operation of a discharge in bankruptcy.

"Fifth: It is true that defendant filed a schedule of his liabilities with his petition for adjudication as a bankrupt,

and it is true that his liability to plaintiff as indicated by said judgment of December 28, 1936, was included in said schedule of liabilities, but notwithstanding the plaintiff's place of residence was well known to the defendant at the date of the filing of said schedule the same was not included therein, nor was there included therein a statement that such place of residence was unknown to the defendant. And the court further finds that said liability was not duly scheduled and that the plaintiff had no notice or actual knowledge of the proceedings in bankruptcy in time for proof and allowance of her said claim;

"Sixth: It is not true that the defendant's liability to the plaintiff as evidenced by said judgment, made and entered as aforesaid on December 28, 1936, was discharged by the defendant's discharge in bankruptcy made and entered on September 7, 1937, as aforesaid, nor at any time or at all, by said or any decree of discharge in bankruptcy or otherwise, and that said liability is excepted from the operation of the bankruptcy act."

In support of his specifications of error relating to the trial court's findings of fact numbered fifth and sixth, hereinbefore recited, appellant argues that respondent had actual notice of the bankruptcy proceedings, because certain documents referring to such proceedings were filed in the original action in which the judgment here sued upon was rendered. The evidence adduced at the trial of the instant action does not establish that such documents were ever called to the attention of respondent or that she had either actual notice or actual knowledge of the bankruptcy proceedings. The portion of the schedule received in evidence (Defendant's Exhibit A) fails to show the respondent's place of residence, and also fails to show that her place of residence is unknown. She testified that her place of residence had been the same since 1926, that she always had a telephone in her residence during the period in question, and that appellant had visited her at said residence prior to her husband's death.

Section 7 of the Bankruptcy Act (11 U.S.C.A. § 25(8)) requires a voluntary bankrupt to file with his petition "a list of his creditors, showing their residences, if known, if unknown, that fact to be stated." The penalty for failure to schedule a debt properly is stated in section 17 of the act (11 U.S.C.A. § 35(3)): "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (third) have not been duly scheduled in time for proof

and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. . . ."

In *Van Denburgh* v. *Goodfellow,* 19 Cal.2d 217, 222-224 [120 P.2d 20], in which the bankrupt listed an incorrect address for one of his creditors, it was held: "It is well settled that a debt is not duly scheduled if the bankrupt has listed the creditor's address incorrectly. (See cases cited under 11 U.S.C.A., § 25, note 23; *Brown* v. *Tropp,* 106 Cal. App. 605 [289 P. 648]; *Parker* v. *Murphy,* 215 Mass. 72 [102 N.E. 85, 87]; *In re D'Alessio,* 24 F.Supp. 563.) 'The bankrupt is under duty to use reasonable diligence to ascertain the residence of the creditor, and if thereby he acquires knowledge of such residence he must state it correctly, and if he fails to ascertain such residence, to state that the residence is unknown. . . .' (*McGehee* v. *Brookins* (Tex.Civ.App.), 140 S.W.2d 963, 964.) . . . The provisions requiring either a correct statement of the creditor's address or actual notice to him are intended to insure the creditor an opportunity to participate in the administration of the bankrupt's estate and to share in the assets. A creditor who refrains from making a claim against the bankrupt when these provisions are violated does not share in the assets of the estate but retains his debt unimpaired." (See, also, *Smith* v. *Hill,* 232 Mass. 188 [122 N.E. 310, 2 A.L.R. 1667]; *Brown* v. *Tropp,* 106 Cal. App. 605 [289 P. 648].)

Appellant also urges that the original action was not based on any alleged tort but was purely one of partnership accounting and therefore could not support a judgment "for conversion or wilful and malicious injuries to the person or property of another."

However, finding numbered ten made by the trial court in said original action and quoted in appellant's opening brief, provides, among other things, "that defendant's conduct regarding said partnership and the property thereof has been marked by deceit, dishonesty, falsehood and fraud . . . and the Court finds that said defendant has wrongfully, maliciously, fraudulently and unlawfully appropriated and converted to his own personal use said decedent's nine-tenths interest in said partnership and the property thereof. . . ."

The findings in the instant cause recite certain provisions contained in the judgment rendered in the original action, among which is the following:

"4. That said defendant has wrongfully, fraudulently, and unlawfully appropriated and converted to his own personal use the whole of said decedent's interest in said partnership and the property thereof, together with the aforesaid sum of Five Thousand Four Hundred Seventy-six Dollars ($5,476.00) and has thereby injured, damaged and defrauded said estate and the persons entitled thereto in the sum of Fourteen Thousand Four Hundred and Seventy-six Dollars ($14,476.00) ; and that the plaintiff is entitled to recover said sum from said defendant."

It must be assumed that the evidence presented at the trial of the original action was sufficient to support said findings of fact and the judgment based thereon which was rendered on December 26, 1936, and which "remains due, owing and unpaid from the defendant to the plaintiff"; and that the trial court in the instant case properly adjudged that the liability of appellant herein, as evidenced by said judgment, "is a liability for a wilful and malicious injury to the property of plaintiff."

Section 17 of the Bankruptcy Act (11 U.S.C.A. § 35(2)), specifically excepts "wilful and malicious injuries" to the property of another from the operation of a discharge in bankruptcy.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.