HENDRY, Judge.
The appellant was plaintiff below in a suit against the defendant on a promissory note in the principal amount of $8,000. The note was executed by the defendant and delivered to the payee, Dr. E. W. Oliver. Soon thereafter Dr. Oliver died and the note became the property of his widow, Olive M. Oliver. Upon her death her son, Kenneth became the owner and holder of the note. It was later awarded to the plaintiff, Winifred Oliver by the circuit court in a divorce proceeding against her husband, Kenneth.
The defendant filed her answer stating, among other things, “that the cause of action which is the basis of plaintiff’s complaint, was founded upon a debt due and owing at the date of filing said petition in bankruptcy; that said debt was a provable debt and was duly scheduled, and is the identical claim set forth in plaintiff’s complaint in the above styled action; that said claim is one from which the alleged discharge released the defendant and is not a claim which is excepted by law from the operation of said discharge.”
There was attached to the answer a copy of the discharge in bankruptcy which showed that the defendant and her husband filed their petition in bankruptcy on April 30, 1958 and received their discharge on July 3, 1958.
*498 Plaintiff moved for a summary final judgment under Rule 1.36 Florida Rules of Civil Procedure, 30 F.S.A., and in support of such motion relied upon affidavits, depositions, admissions and other documentary evidence. The defendant filed affidavits in opposition to the said motion.
Upon a hearing on the motion the trial court denied the plaintiff’s motion and instead granted the defendant a summary final judgment even though the defendant had made no written motion for such a judgment.
The plaintiff contends that it was error for the court to enter summary final judgment in favor of the defendant because there was a genuine issue as to whether the claim of Dr. E. W. Oliver’s estate was “duly scheduled” in the bankruptcy proceedings of the defendant within the meaning of § 35, sub. a(3), Title 11 U.S. C.A.[1] because plaintiff alleged and sought to prove that Dr. Oliver’s estate had no notice or knowledge of the bankruptcy proceedings of the defendant and defendant had knowledge of the death of Dr. Oliver and subsequent transfer of the claim.
We think plaintiff’s contentions have merit since the record shows conflict as to the above questions. We hold that if both of these questions were to be ultimately decided in favor of the plaintiff-creditor, i. e., (1) the bankrupt knew of the death of Dr. Oliver and the subsequent transfer of the claim and (2) Dr. Oliver’s estate did not know of the bankruptcy proceedings, the debt would not have been “duly scheduled” within the meaning of the bankruptcy act so that the discharge in bankruptcy would operate as a bar to the action. State v. Bean, 1959, 218 Or. 506, 346 P.2d 652; In re Osofsky, S.D.N.Y. 1931, 50 F.2d 241; Fible v. Crabb, 129 Ky. 461, 112 S.W. 576.
Accordingly, summary judgment is improper since it has not been shown that there was no genine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. Ryan v. Unity, Inc., Fla.1951, 55 So.2d 117; Pass v. Friedman, Fla.App.1962, 140 So.2d 883.
We have also considered the other contentions of the parties, including plaintiff’s contention that it was error to deny her motion for summary judgment, and we find all such contentions to be without merit.
It follows therefore that the summary final judgment be reversed and the cause be remanded for further proceedings consistent with the views expressed in this opinion.
Reversed and remanded.

. Section 35 reads in part as follows:
“§ 35. Debts not affected by a discharge
■“(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * *
“(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; * * * ”