McKEE v. PREBLE et al.

(Supreme Court, Appellate Division, First Department. December 20, 1912.)

1. BANKRUPTCY (§ 425*)—DISCHARGE—NOTICE TO CREDITORS.
   Where the city directory correctly gave the residence address of a creditor, a schedule in bankruptcy giving as the creditor's residence his business address will furnish no basis for discharge, where the creditor did not receive actual notice; the bankrupt being bound to use reasonable diligence to ascertain his creditor's address.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 775; Dec. Dig. § 425.*]

2. BANKRUPTCY (§ 433½, New, vol. 7 Key-No. Series)—DISCHARGE—CANCELLATION—PRACTICE.
   Where a judgment recovered against one afterwards adjudged a bankrupt was canceled, the proper practice is for plaintiff to appeal from the order of cancellation, or ask leave to reargue, instead of moving to vacate the order.

3. BANKRUPTCY (§ 433½, New, vol. 7 Key-No. Series)—APPEAL—REVIEW—HARMLESS ERROR.
   Where a judgment debtor was later adjudged a bankrupt, and the judgment ordered canceled, that plaintiff erroneously moved to vacate the order of cancellation, instead of appealing therefrom, or asking leave to reargue, is harmless, where the justice who heard the motion was the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

same one who granted the order of cancellation, and it was entertained. on the merits.

Appeal from Special Term, New York County.

Action by Joseph McKee against Walter E. Preble and another. From an order denying his motion to vacate an order canceling a judgment, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Gerald Hull Gray, of New York City, for appellant.

G. Murray Hulbert, of New York City, for respondents.

SCOTT, J. Plaintiff recovered a judgment against defendants on May 25, 1900. On April 2, 1904, defendants filed a petition in bankruptcy; the schedules giving plaintiff's residence as 212 Ninth avenue, in the city of New York, which was his place of business. The plaintiff's residence, up to May 1, 1904, was Ridgewood, N. J., and after that date was at 238 West Twenty-First street, in New York City. The City Directory for 1904 and 1905 correctly gave his residence as above stated. Plaintiff swears positively that he never received notice of defendants' bankruptcy.

[1] The rule appears to be well established that a debt is not "duly scheduled," within the meaning of the Bankruptcy Act, where the office or business address is given, instead of the residence. Collier on Bankruptcy (8th Ed.) p. 181; Weidenfeld v. Tillinghast, 54 Misc. Rep. 90, 104 N. Y. Supp. 712; Haack v. Theise, 51 Misc. Rep. 3, 99 N. Y. Supp. 905; Vaughn v. Irwin, 49 Misc. Rep. 611, 96 N. Y. Supp. 742; Sutherland v. Lasher, 41 Misc. Rep. 249, 84 N. Y. Supp. 56, affirmed 87 App. Div. 633, 84 N. Y. Supp. 1148. If the debtor did not know the creditor's residence, it was his duty to make a reasonable effort to ascertain it, and in the present case he could easily have found it by consulting the City Directory. We are therefore of the opinion that the order canceling the judgment should have been vacated.

[2, 3] It is objected that the plaintiff should have appealed from the order of cancellation, or asked leave to reargue the motion, instead of moving to vacate the order. Ordinarily this would be true; but it appears from the order appealed from that the justice, who was the same one that granted the order of cancellation, entertained the order to vacate, and decided it on the merits. From this circumstance we assume either that the present objection was not taken at Special Term, or that the justice treated the motion as in effect a motion for a reargument.

So far as concerns the motion for leave to issue execution, the plaintiff should have leave to renew that at Special Term. In consequence of the cancellation of the judgment, the motion for leave to issue execution has not been heard upon the merits at Special Term.

Order reversed, with $10 costs and disbursements, and motion granted, to the extent of vacating the order for the cancellation of the judgment, with leave to plaintiff to renew his motion for leave to issue execution. All concur.