WALTER J. SALMON, Appellant, *v.* AMELIO E. SARNO, Respondent.

First Department, November 13, 1942.

*Sara Zimler* and *Arthur M. Loeb* for appellant.

*George H. Fox* for respondent.

DORE, J.   Plaintiff appeals from a determination of the Appellate Term reversing an order of the Municipal Court which had denied defendant's motion to cancel a judgment on the ground of defendant's discharge in bankruptcy.   The issue is whether the bankrupt's failure to list in the schedules in bankruptcy the creditor's residence or correct business address is sufficient to defeat the discharge.

For failure to pay rent under the unexpired term of a lease, plaintiff entered judgment for $1,024.06 against defendant on

July 7, 1922. On a voluntary petition in bankruptcy in the United States District Court for the Eastern District of New York defendant was adjudicated a bankrupt on June 26, 1922. Defendant listed plaintiff's name as a creditor to the extent of $1,320 and gave his address as 25 West Forty-second street, New York, N. Y. After notice had been mailed to creditors and published, the bankruptcy court entered an order on October 6, 1922, discharging defendant from all provable debts existing on June 22, 1922, except such as are by law exempted from the operation of a discharge in bankruptcy. The residence of plaintiff, the creditor, was Old Westbury, Nassau county, State of New York; his business address was 17 West Forty-second street, New York, N. Y., and he was so listed in the New York telephone directory for the period in question. No proof of actual knowledge of the proceedings on the creditor's part was adduced. Plaintiff, the creditor, swears positively that he never received any notice whatever of defendant's bankruptcy until August, 1939, when defendant, then served with notice for examination in supplementary proceedings, moved in the Municipal Court to cancel the judgment on the ground of the claimed discharge in bankruptcy and also on the ground that the summons in the action had never been served. The issue of service of the summons was referred to an official referee who, after a hearing, reported that defendant was actually served with the summons and his recommendation was approved by the court. On reargument and renewal on additional papers of the motion to vacate because of the claimed discharge in bankruptcy, the Municipal Court denied defendant's motion to cancel the judgment. The Appellate Term, one justice dissenting, reversed that order and vacated the judgment.

Defendant contends that plaintiff was a prominent real estate operator, well known in the district; that notices were mailed to all creditors listed by the referee in bankruptcy and that a notice sent to plaintiff at 25 West Forty-second street, New York, would have reached him at 17 West Forty-second street as he was listed in the telephone directory. Under the circumstances disclosed, the majority of the Appellate Term held: "The notice given to plaintiff was sufficient." We think the ruling was error and that the order appealed from should be reversed.

The Bankruptcy Act, so far as relevant, provided that a discharge releases a bankrupt from all provable debts except such as "(3) have not been duly scheduled * * * with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bank-

ruptcy '' (§ 17, subd. [a]; U. S. Code, tit. 11, § 35, subd. [a]; and that the bankrupt shall file '' a list of all his creditors * * * showing residence, if known, or if unknown that fact to be stated '' (§ 7, subd. [a], cl. [8]; U. S. Code, tit. 11, § 25, subd. [a], cl. [8]). Defendant admits that he did not list the creditor's residence or his correct business address, and there is no proof that the residence was unknown. It is alleged and not denied that the lease upon which the claim sought to be discharged was based, showed plaintiff's residence. The telephone directory gave his correct business address.

The purpose of the statute is to prevent a bankrupt from keeping his creditors in ignorance of his proceedings without penalty to himself. (See Gilbert's Collier on Bankruptcy [4th ed.], ¶ 563, p. 376.) A holding that a bankrupt is discharged although he has failed to list either the residence or the correct business address of a creditor would enable a bankrupt to evade the provisions of the Bankruptcy Act while purporting to comply therewith and obtain a discharge without having duly scheduled his known creditors. In *Parker* v. *Murphy* (215 Mass. 72), the Supreme Court of Massachusetts, holding that claims are not duly scheduled unless the names of the creditors showing their residence if known are on the list of creditors filed, said: '' The requirement for duly scheduling the names and residences of creditors is a most important one. It is in compliance with the generally recognized principle that one shall not be barred of his claim without the opportunity of having his day in court. It is for the benefit of the creditors and in the interest of fair dealing with them and is to be construed in harmony with this purpose. It is essential in order that notices in the bankruptcy proceeding may be sent to him. It has been construed with some strictness. (*Birkett* v. *Columbia Bank,* 195 U. S. 345. *Custard* v. *Wigderson,* 130 Wis. 412.) ''

In *McKee* v. *Preble* (154 App. Div. 156), the bankrupt gave the judgment creditor's correct business address but failed to give his residence, and the creditor swore that he never received actual notice of the bankruptcy. This court said: ''The rule appears to be well established that a debt is not ' duly scheduled ' within the meaning of the Bankruptcy Act where the office or business address is given instead of the residence. (Collier Bankruptcy [8th ed.], 181; *Weidenfeld* v. *Tillinghast,* 54 Misc. Rep. 90; *Haack* v. *Theise,* 51 id. 3; *Vaughn* v. *Irwin,* 49 id. 611; *Sutherland* v. *Lasher,* 41 id. 249; affd., 87 App. Div. 633; 30 U. S. Stat. at Large, 548, § 7, subd. 8; Id. 550, § 17, subd. 3, as amd. by 32 id. 798, § 5.) If the debtor did not know the creditor's resi-

dence it was his duty to make a reasonable effort to ascertain it, and in the present case he could easily have found it by consulting the city directory. We are, therefore, of the opinion that the order canceling the judgment should have been vacated.''

In *Horbach* v. *Arkell* (172 App. Div. 566), the bankrupt gave as the creditor's address a club in New York that was not his residence. After a trial before the court and a jury in an action brought by plaintiff upon the original judgment, defendant, pleading discharge in bankruptcy as his defense, obtained a judgment entered on a jury's verdict in his favor, dismissing the complaint. This court unanimously reversed, directed judgment for the plaintiff, and said: ''It is the duty of the bankrupt to file a schedule containing a list of his creditors, showing their residences if known, if unknown that fact to be stated. (Bankr. Act [30 U. S. Stat. at Large, 548], § 7.) This schedule furnishes the basis for the notices which the referee or the court is to give thereafter to the creditors. (See Bankr. Act [30 U. S. Stat. at Large, 561], § 58.) The importance, therefore, of a strict compliance with this provision is obvious and is emphasized by the provision of the act that where the debt has not been duly scheduled it is excepted from, and the debt is not affected by the discharge, unless the creditor had notice or actual knowledge of the proceedings in bankruptcy. * * * The Court of Appeals has said: '* * * It was intended that the decree discharging the voluntary bankrupt should be confined in its operations to the creditors who had been duly listed and who were enabled to receive the notices which the act provides for' (*Columbia Bank* v. *Birkett,* 174 N. Y. 112, 117), * * *. The necessity of giving the correct address of the creditor in these schedules has frequently been before our courts (*Matter of Quackenbush,* 122 App. Div. 456; *Murphy* v. *Blumenreich,* 123 id. 645; *McKee* v. *Preble,* 154 id. 156), and it has always been held that when there is a failure to state the correct residence of the creditor the debt is not duly scheduled, and hence not discharged by the decree in bankruptcy, unless it shall appear that the creditor had actual knowledge of the proceeding. In the case last cited this court held that the giving of the office or business address of the creditor was not a compliance with the requirement of the act.''

The court also held that evidence of mailing of notices to the address given in the schedules, and of the fact that plaintiff had left instructions to have his mail forwarded was insufficient to raise an issue on the question of actual knowledge and the case should not have been submitted to the jury.

*Kreitlein* v. *Ferger* (238 U. S. 21), relied on by defendant, is distinguishable. In that case there was raised the question of the sufficiency of a residence address; here no residence address whatever was listed but a concededly incorrect business address.

The order of the Municipal Court was on a renewal on additional papers of the motion with relation to the discharge apparently not passed on by the prior order, and accordingly it was properly appealable to the Appellate Term.

The determination of the Appellate Term should be reversed with twenty dollars costs and disbursements in this court and ten dollars costs in the Appellate Term, and the order of the Municipal Court denying the motion to cancel the judgment should be affirmed.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Determination unanimously reversed, with twenty dollars costs and disbursements to the plaintiff in this court and ten dollars in the Appellate Term, and the order of the Municipal Court affirmed.