■ ALL AMERICAN BRUSH MFG. CORP., Respondent, v. CLAIROL, INC., Appellant.— Order entered January 19, 1968, granting in part injunction *pendente lite*, unanimously reversed, on the law and the facts, without costs and without disbursements, and the motion denied. There is no clear showing of irreparable damage. (*De Candido* v. *Young Stars*, 10 A D 2d 922.) Plaintiff's market is localized and has not been exploited by defendant. Moreover, it appears that defendant-appellant will discontinue use of the trademark on May 15, 1968. Concur — Botein, P. J., Capozzoli, Tilzer, McGivern and McNally, JJ.

■ 200 CENTRAL PARK SOUTH, INC., Appellant, v. MARSHALL N. POSNER, Respondent.— Judgment unanimously affirmed, without costs or disbursements to either party. This court's decision in *Salmon* v. *Sarno* (265 App. Div. 114) is distinguishable from the instant case. Salmon was determined upon affidavits alone, submitted upon a motion to vacate a judgment. In the instant case, even though the matter originally came on at Trial Term on submitted facts, pursuant to CPLR 3222, the trial court directed and held a hearing on the limited issue involved, so that " both parties should be afforded the fullest opportunity of presenting all relevant evidence and testimony * * * on the merits." At the hearing the postman on the route, which included 15 East 49th Street, was produced by defendant, and he testified in such a manner as to enable the trial court to determine the issue before it as one of fact. In the *Salmon* case, the court did not pass upon the question of the effect of actual notice. Concur — Eager, J. P., Steuer, Capozzoli and Rabin, JJ.