Edward F. Crawford, J.
Defendant moved for .summary judgment asserting that the causes of action stated in plaintiff’s two complaints, to wit, a cause of action for $20,767.22 asserted against defendant upon a personal guarantee of the corporate debt of a corporation known as Ed-Nor Associates, Inc. and a cause of action for $6,279.89 upon the personal guarantee of the corporate debt of a corporation known as Anciad Corporation, were barred and that there was no triable issue of fact with respect to defendant’s affirmative defense of discharge in bankruptcy. One other person personally guaranteed the debt of Ed-Nor Associates, Inc. and two other persons personally guaranteed the debt of Anciad Corporation. Plaintiff cross-moved for summary judgment upon the ground that there was no triable issue of fact and that defendant had failed to duly schedule said debt as required by section 7 (subd. [a], par. [8]) of the Bankruptcy Act (TI. S. Code, tit. 11, § 25, subd. [a], par. [8]), and that, therefore, the debt was excepted from discharge by the terms of section 17 (subd. [a], par. [3]) of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [a], par. [3]). The court notes the provisions of section 7 (subd. [a], par. [8]) of the Bankruptcy Act (U. S. Code, tit. 11, § 25, subd. [a:], par. [8]) which states that among the duties of a voluntary bankrupt are tq “ prepare, make oath to, and file in court * * * with his petition * * * a list of all his creditors, including all persons asserting contingent, unliquidated, or disputed claims, showing their residences or places of business, if known, or if unknown that fact to be stated, the amount due to or claimed by each of them, the consideration thereof, the security held by them, if any, and what claims, if any, are contingent, unliquidated, or disputed ”. Subdivision (a) of section 17 of the Bankruptcy Act states (TJ. S. Code, tit. 11, § 35, subd. [a]): “ A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as # * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy ”.
It is clear from the copies of the schedules in defendant’s 1970 voluntary bankruptcy proceeding which are part of the motion papers, that the only reference to the plaintiff in the schedules was on the second page of Schedule A-3, a schedule of unsecured creditors whose claims totaled $30,286, wherein the plaintiff’s claim was listed as follows: “ Chevron Oil Co., *148 Perth Amboy, New Jersey 1969 mdse 100.00 ”. There were 18 other creditors listed on page 2 of the schedule.
Plaintiff contends that the manner of listing did not constitute ’due scheduling because no street address was given and further by reason of the facts that the schedule grossly underestimates ’the amount owing to the plaintiff upon the date the petition was filed, an amount estimated by plaintiff at $10,000, by reason of the fact that the description of the consideration merely stated “ mdse ” without any reference to the guarantee or to the accounts guaranteed, and by reason of the. fact that there is no statement as to whether the debt is contingent, unliquidated or disputed when in fact it was contingent upon default by said corporations. The defendant attached to his motion papers copies of the notice of first meeting of creditors and order fixing last day for filing objections to discharge, which documents are required to be mailed by the Referee in Bankruptcy to all creditors listed, and a copy of the certificate of mailing by the Clerk of the United States District Court for the Northern District of New York certifying that a copy of the notice of first meeting of creditors and order was mailed to 11 Chevron Oil Co. Perth Amboy New Jersey.” There is no indication that the notice was ever returned by the postal authorities due to inability to deliver. 'The court does take note of the fact that the form of notice used by the Referee in Bankruptcy does not set forth any information from the schedules other than the name and address of the bankrupt. Upon receipt of such a notice, it is incumbent upon a creditor so notified to check his own records and take such steps as he deems necessary relative to filing a claim, attending the first meeting of creditors and participating .at such other hearings or meetings as may be called.
The plaintiff specifically claims by affidavit of a credit specialist in its employ whose duty it was to supervise the instant accounts, that he never learned of the bankruptcy until the attorneys charged with collecting the account in 1973 advised of the same, that he checked all records in the offices of the plaintiff and found no record of receipt of such notice and that he could locate no individual in the company who received notice or had previous notice or knowledge of the 1970 bankruptcy. He further states that all the plaintiff’s records were indexed under the names of Ed-Nor Associates, Inc. and Anciad Corporation rather than under that of the defendant.
All cases cited by the plaintiff to the court which deal with the concept of due scheduling have to do with the matter of the *149 proper name and address of the creditor rather than with the amount of the debt, contingent nature thereof and the like. In this case there is no question about the name. The question as to address is solely related to whether or not a street address has to be set forth by the petitioner. While there are a number of cases which hold that insertion of the wrong address or wrong street address will serve to except the debt from discharge (e.g., Columbia Bank v. Birkett, 174 N. Y. 112, affd. 195 U. S. 345; Salmon v. Sarmo, 265 App. Div. 114; Jud v. Carey Drive Yourself, 13 Misc 2d 580; Horbach v. Arkell, 172 App. Div. 566; Matter of Venson, 234 F. Supp 271, affd. 337 F. 2d 616) the court feels bound by the decision of the United States Supreme Court in Kreitlem v. Ferger (238 U. S. 21, 34) wherein the court held: ‘' Bearing in mind the general purpose of the statute to relieve honest bankrupts, considering that the Act does not expressly require the street address to be stated" or the residence to be given unless known, and giving proper legal effect to the Order of Discharge, we hold that a schedule listing the creditor’s residence as Indianapolis is, at least, prima facie sufficient.” The court applies the Kreitlein rule to this ease and, in doing so, notes that, at least with respect to the billings to Ed-Nor Associates, Inc., copies of which are annexed to the plaintiff’s pleadings, the regional office of the plaintiff was merely set forth thereon as Perth Amboy, New Jersey, the address in fact used by defendant in his bankruptcy schedules.
There are two opposing points of view relative to omissions in schedules, one of them is represented by the majority in the Kreitlein case (supra), and the other by the minority. The more strict point of view is also well outlined in King v. Harry (131 F. Supp. 252, 254), wherein the court states that: “ A discharge in bankruptcy is a privilege. It is not a one-way street. The bankrupt has certain obligations to fulfill and his creditors, already losers, are at least entitled to notice before their property is taken, in the absence of some good and sufficient explanation to the contrary * * * For this reason, and for the reason that the sections of the Act requiring correct scheduling are for the benefit of the creditors and not the debtor, a bankrupt must exercise great care to schedule his assets and names and addresses of * * * his creditors properly.”
This point of view could be applied to the fact that the amount stated by defendant to be due to the plaintiff in his schedules differed materially from the amount actually due and the further fact that the defendant failed to state that the Hability w¡as a contingent one, a guarantee upon which liability was sec *150 'ondary rather than primary. However, in view of the fact that the standard notice mailed a creditor by the District Court merely sets forth the name and address of the debtor and does not set forth the amount of the debt or whether it was contingent or the consideration or the date incurred, and in view of the presumption of receipt on mailing (Dulberg v. Equitable Life Assur. Soc. of U. S., 277 N. Y. 17), and the fact ’that the Bankruptcy Act does not mandate the listing of the name of the surety’s principal in the case of a contingent debt and in view of the fact that the plaintiff cannot take advantage of the fact that its own records were indexed under the name of the principal and not the guarantor, this court holds that the debt in this instance was duly scheduled. (See, generally, 1A Collier, Bankruptcy [14th ed.], § 17.23, p. 1679.)
The court further holds that the personal guarantee by defendant ceased and was terminated as a debt dischargeable under the provisions of section 63 (subd. [a], pars. [8], [9]) of the Bankruptcy Act (TJ. S. Code, tit. 11, § 103, subd. [a], pars. [8], [9]) as being either a contingent contractual liability or a claim for anticipatory breach of a contract. (1A Collier, Bankruptcy [14th ed.], § 17.10, p. 1606.) Such a holding is consistent with the point of view set forth in Maynard v. Elliott (283 U. S. 273, 277) wherein the court construed the previous Bankruptcy Act so as to discharge claims on promissory notes not yet due wherein the court stated: “ Possible doubts as to the meaning of the section should be resolved in the light of the purpose of the act 1 to convert the assets of the bankrupt into cash for distribution among creditors and to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes. ’ ”
Defendant’s motion for summary judgment is granted.