## Van GILDER v. BARNES.

1. Bankruptcy—Petition—Jurisdiction.

Upon filing of petition in bankruptcy with the United States district court, that court became invested with jurisdiction.

2. Same—Adjudication—Property—Time—Discharge.

An adjudication in bankruptcy brings all the nonexempt property of the bankrupt in his possession into the custody of the law and dates from the filing of the petition but does not discharge the bankrupt.

3. Same—Adjudication—Jurisdiction—Purpose.

An adjudication in bankruptcy of itself imports the existence of all requisite jurisdictional facts, especially in collateral attack, and is for the purpose of administering the debtor's property on all the world so far as it declares the status of the bankrupt debtor.

4. SAME—ADJUDICATION—COLLATERAL ATTACK.

An adjudication in bankruptcy may not be collaterally attacked by strangers to the decree except on jurisdictional grounds even though it is erroneous as based on an insufficient petition.

5. SAME—DISCHARGE A JUDGMENT IN REM.

The order of discharge in bankruptcy makes no provision as to debts not affected thereby, amounts to an *in rem* judgment, conclusive as to the status of the bankrupt, and frees him from future liability when the discharge is specially asserted as to dischargeable obligations in effect prior to his adjudication in bankruptcy.

6. SAME—DISCHARGE—SCHEDULED DEBTS—NOTICE.

A debt not duly scheduled survives a discharge in bankruptcy unless the creditor has notice or actual knowledge of the proceedings in bankruptcy but the discharge does release the bankrupt from all provable debts which have been duly scheduled (11 USCA, §§ 25, 35).

7. SAME—SCHEDULE OF NAMES AND RESIDENCES OF CREDITORS—CONSTRUCTION OF STATUTES.

The requirement of the bankruptcy act that names and residences of creditors be duly scheduled is construed with some strictness (11 USCA, § 25).

8. SAME—SCHEDULES—RESIDENCE OF CREDITOR.

Due scheduling of names and residences of creditors requires that the residence of the creditor be set out, if known; and, if unknown, that such fact be stated (11 USCA, § 25).

9. SAME—FAILURE TO GIVE CORRECT ADDRESS—DISCHARGE.

Failure to give the creditor's correct address, in consequence of which he has no knowledge of the debtor's bankruptcy proceedings, will save the claim from the effect of a discharge if the bankrupt knew or could have ascertained such address (11 USCA, § 25).

10. SAME—INCORRECT ADDRESS OF JUDGMENT CREDITOR IN SCHEDULE OF PROVABLE CLAIMS—DISCHARGE.

Where residence of judgment creditor was incorrectly given by bankrupt in schedule of provable claims and such creditor had no knowledge of the proceeding, plaintiff's claim was not released by the discharge in bankruptcy (11 USCA, §§ 25, 35),

Appeal from Clinton; Searl (Kelly S.), J. Submitted January 13, 1939. (Docket No. 80, Calendar No. 40,356.) Decided April 4, 1939.

Case by James Van Gilder against John S. Barnes, Clinton County Sheriff, for allowing Howard S. Sturgis to go beyond the jail limits of Clinton County. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Plummer Snyder* (*Marshall, Searl & Dean,* of counsel) for plaintiff.

*Smith & Hunter,* for defendant.

POTTER, J. August 1, 1930, plaintiff secured a judgment by default against Howard S. Sturgis for $3,600, and costs. August 22, 1931, an *alias writ of capias ad satisfaciendum* was issued on the judgment and Sturgis arrested by defendant, sheriff of Clinton county. Sturgis gave a jail limits bond and was released from custody. July 10, 1934, Sturgis filed a voluntary petition in bankruptcy in the United States district court for the eastern district of Michigan. He filed a schedule of his creditors and among them listed the judgment of plaintiff, giving plaintiff's address as Lansing, Michigan. The schedule indicated the judgment was against Sturgis individually and doing business as the Checker Cab Company. It listed Earl G. Wright, of Lansing, Michigan, as a creditor surety on bond to the city of Lansing, and John S. Barnes, sheriff of Clinton county, and Marion Sturgis, of Fowler, Michigan. Under this was listed a jail limits bond given by Sturgis, bankrupt, with Marion Sturgis, of Fowler, Michigan, surety, the bankrupt being in custody of Barnes,

sheriff for Clinton county. October 15, 1934, Sturgis was discharged in bankruptcy. This discharge recited:

"That the said Howard S. Sturgis be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 10th day of July, A. D., 1934, on which day the petition for adjudication was filed by him excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

December 16, 1937, while Howard S. Sturgis was at Charlotte, outside the jail limits of Clinton county, this suit was commenced. The case was tried and resulted in a judgment of no cause of action. Plaintiff appeals.

Upon the filing of the petition in bankruptcy with the United States district court, that court became invested with jurisdiction. *Queen* v. *Bolton*, 1 Q. B. (1 Ad. & El. [N. S.]) 66 (4 P. & D. 679, 5 Jur. 1154, 113 Eng. Rep. 1054).

The adjudication in bankruptcy brings all the nonexempt property of the bankrupt in his possession into the custody of the law. It dates from the filing of the petition but does not discharge the bankrupt. An adjudication in bankruptcy of itself imports the existence of all requisite jurisdictional facts, especially in collateral attack (*Anderson* v. *Stayton State Bank*, 82 Ore. 357 [159 Pac. 1033]), and is for the purpose of administering the debtor's property conclusive on all the world so far as it declares the status of the bankrupt debtor. Even strangers to the decree may not attack it collaterally except on jurisdictional grounds even though it is erroneous as based on an insufficient petition. *Ewing* v. *Forrester Nace Box Co.* (C. C. A.), 12 Fed. (2d) 864; *Sabin* v. *Larkin-Green Logging Co.,* 218 Fed. 984.

The order of discharge in bankruptcy makes no provision as to debts not affected thereby. It amounts to an *in rem* judgment, conclusive as to the status of the bankrupt, and frees him from future liability when the discharge is specially asserted as to dischargeable obligations in effect prior to his adjudication in bankruptcy. A debt not duly scheduled survives a discharge in bankruptcy unless the creditor has notice or actual knowledge of the proceedings in bankruptcy. In this case, the plaintiff did not have actual notice or knowledge of the proceedings in bankruptcy and it is contended the judgment in question was not discharged because it was not duly scheduled.

A discharge in bankruptcy releases the bankrupt from all provable debts which have been duly scheduled.

11 USCA (1928), § 35, provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (first) are due as a tax levied by the United States, the State, county, district, or municipality in which he resides; (second) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for breach of promise of marriage accompanied by seduction, or for criminal conversation; (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (fourth) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity; or (fifth) are for wages due to workmen, clerks, traveling or city

salesmen, or servants, which have been earned within three months before the date of commencement of the proceedings in bankruptcy; or (sixth) are due for moneys of an employee received or retained by his employer to secure the faithful performance by such employee of the terms of a contract of employment.''

The question is, whether the bankrupt's debt to plaintiff was duly scheduled.

By 11 USCA (1928), § 25, it was the bankrupt's duty to prepare, make oath to, and file in court ''a list of his creditors showing their residence, if known; if unknown, that fact to be stated.''

The requirement of duly scheduling the names and residences of creditors is a most important one and has been construed with some strictness. *Kundert* v. *Riese,* 225 Wis. 276 (274 N. W. 286). The debt to plaintiff was mentioned in the schedule annexed to the petition in bankruptcy in the correct name of the creditor. Due scheduling requires the residence of the creditor to be set out, if known; and, if unknown, such fact must be stated. *Lundy* v. *Skinner,* 220 Iowa, 831 (263 N. W. 520); *First National Bank of Jackson* v. *Strong,* 228 Ky. 604 (15 S. W. [2d] 477); *Bartlett* v. *Taylor,* 209 Mo. App. 612 (238 S. W. 141); *Bronx Credit Union* v. *Weisbrott,* 203 N. Y. Supp. 90. Failure to give the creditor's correct address, in consequence of which he has no knowledge of the proceedings, will save his claim from the effect of a discharge if the bankrupt knew or could have ascertained such address. *Horbach* v. *Arkell,* 172 App. Div. 566 (158 N. Y. Supp. 842). The object of this requirement is to enable notices advising the creditor of the proceedings to be sent by mail and otherwise that the creditor may be sure to have knowledge that the proceeding is pending. *Lundy* v. *Skinner, supra.*

In *Walker v. Harder,* 39 Misc. 749 (80 N. Y. Supp. 948), where suit was brought against the sheriff for an escape of a person who had been discharged in bankruptcy, it was said:

"The bankrupt law makes the discharge a complete release of all provable debts as soon as granted."

That case states a correct rule of law if the claim of the creditor was duly scheduled. But where a creditor was listed as residing in one city when he actually lived elsewhere, it was held the debt was not duly scheduled. *Marshall* v. *English-American Loan & Trust Co.,* 127 Ga. 376 (56 S. E. 449); *Kreitlein* v. *Ferger,* 238 U. S. 21 (35 Sup. Ct. 685). Here, the residence of the plaintiff was given in the schedule as Lansing, Michigan, when plaintiff's residence and post office address was elsewhere. The debt, though provable, was not duly scheduled.

Judgment reversed, with costs. Cause remanded.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.