## D. E. QUILICI, Appellant, v. F. P. THOMPSON, Respondent.

No. 3341

December 3, 1941.                    119 P.(2d) 710.

*H. U. Castle,* of Elko, for Appellant.

*J. Garrison Gemmill,* of Los Angeles, Calif., and *Milton B. Badt* and *Orville R. Wilson,* both of Elko, for Respondent.

## OPINION

By the Court, ORR, J.:

We have before us two propositions for determination:

First, was the judgment procured by respondent on the 6th day of November 1933, in the District Court of Elko County, discharged by bankruptcy proceedings subsequently instituted by appellant on the 10th day of September 1934 in the District Court of the United States for the District of Nevada;

Second, if the said judgment was not discharged by said bankruptcy proceedings, is respondent in a position to assert his right thereto and thereunder in view of the fact that the said judgment was assigned by respondent to Harry Beer before the said bankruptcy proceedings were instituted by appellant.

The facts are as follows:

On November 6, 1933, respondent secured a judgment in the District Court of Elko County against appellant, in the sum of $2,073.38, with costs and interest. On December 7, 1933, respondent assigned said judgment

to Harry Beer, as security for the payment of a promissory note given by respondent to said Harry Beer. On the 10th day of September 1934 appellant filed his voluntary petition in bankruptcy in the District Court of the United States for the District of Nevada, and on the same date he filed schedules in bankruptcy, and in the said schedules set forth the judgment of respondent as follows:

"Judgment in favor of F. P. Thompson,
District Court, Elko County, Nevada........ $2,083.38
(with interest from Nov. 6, 1933)"

A referee was designated by the United States district court for this proceeding, and proceeded to administer the bankrupt's estate. Proof of action taken by the referee in giving notice to creditors is contained in a stipulation filed in this cause, which reads, in part:

"That notice of the first meeting of creditors and the notice of the final meeting of creditors in the matter mentioned above were both published as required by law and also a copy of the notices mentioned was sent to each of the creditors by mail at the address mentioned in the Schedule within the time required by law. Each notice mailed as aforesaid was sent in a sealed envelope and postage thereon paid in advance, and on the upper left hand corner of the envelope was printed the address of the referee in bankruptcy acting in said matter, and none of the notices mailed as aforesaid, were ever returned."

Respondent testified that his address on September 10, 1934, and his place of residence, was the Colonial Hotel, Reno, Nevada; that he had resided at that place since the spring of 1929, except for a sojourn in the State of Idaho for about a year in 1932 and 1933, and that he maintained his legal residence in Reno, Nevada, during said time; that appellant was in business in Reno in 1929 and 1930, and visited respondent at his place of residence at the Colonial Hotel in Reno, Nevada. Respondent testified that he did not receive notice of the first meeting of creditors, nor of the final meeting,

nor did he receive any notice of the bankruptcy proceedings, and did not know of the proceedings for discharge in bankruptcy until September 1939. With reference to the lack of notice, the trial court found in accordance with the testimony of respondent.

On the 14th of September 1939, Harry Beer reassigned the said judgment to respondent, and respondent testified that he attempted to levy execution upon the property of appellant after said reassignment, and then learned for the first time of the bankruptcy proceedings and purported discharge in bankruptcy.

██ The trial court found that the bankruptcy proceedings did not discharge respondent's judgment, and we believe such finding is correct. A discharge in bankruptcy does not release a bankrupt from a provable debt which has not been duly scheduled in time for proof and allowance, unless the creditor had notice or actual knowledge of the proceedings in bankruptcy. 11 U. S. C. A. sec. 35.

It will be noted that in scheduling the debt due the respondent from appellant because of said judgment, no address of the judgment debtor was given, nor was his address given as unknown. By such failure the bankrupt did not comply with 11 U. S. C. A. sec. 25, which prescribes: "The bankrupt shall * * * prepare * * * a schedule * * * showing * * * a list of his creditors, showing their residences, if known, if unknown that fact to be stated * * *."

No compliance being made with said 11 U. S. C. A. sec. 25, relative to residence, the claim was not duly scheduled. See 6 Am. Juris. 617, sec. 509, sec. 60; Gilbert's Collyer on Bankruptcy (4th ed.) secs. 561, 562, and 563.

██ The creditor's claim not having been duly scheduled, the next question is: did the creditor have actual knowledge of the bankruptcy proceedings? The burden of showing that the creditor had notice or actual knowledge of the bankruptcy proceedings rests upon appellant. Remington on Bankruptcy (4th ed.), p. 804, sec. 3578.

The respondent met the required prima facie showing of lack of notice. This was established by the direct testimony of the respondent. Appellant attempts to refute such direct testimony by reference to various inferences and presumptions. The chief inference sought to be drawn by appellant is that respondent was advised of the proceedings by notices mailed to him by the referee in bankruptcy, and relies on the presumption "that a letter duly directed and mailed was received in the regular course of the mail." Subsection 24, under sec. 558g, chap. 50 of the 1931 session laws of Nevada. We fail to see wherein the said presumption can have any force or effect in the instant case. The stipulation referred to, supra, recites that notices were sent to the creditors by mail "at the address mentioned in the Schedule." There was no address given in the schedule for F. P. Thompson, hence a notice to him could not have been duly directed. Further, the presumption relied on is a rebuttable one, and the direct evidence given by respondent as to his failure to receive notice was accepted by the trial court, and we see no sufficient reason to disturb the trial court's finding in respect thereto.

Taking up the second proposition urged by appellant, we find no notice was given appellant Quilici of the assignment to Beer, and at the time of the scheduling of his debts by the bankrupt, insofar as he was advised, respondent was the owner and holder of the judgment. Appellant's position, as we understand it, is that ownership of the claim at the time the bankruptcy proceedings were pending determines the person who could take advantage of failure to duly schedule the claim. It seems that in determining this question we should not concern ourselves so much with the ownership of the claim during the period mentioned as we should with the procedure followed by the bankrupt in attempting to discharge the said claim, and thus ascertain whether the debt is valid and subsisting after the bankruptcy proceedings, or was discharged thereby.

The bankruptcy law has wisely provided that a person taking advantage of its provisions should not be placed under the necessity of searching out records and to indulge in other activities in order to ascertain the ownerships of debts owing, and that unless he has been advised to the contrary he may proceed on the assumption that the original debtor is the owner and holder of the debt in question, and may proceed to discharge the debt by duly scheduling the same in the name of the original owner. A debt, to be discharged, must be duly scheduled in the name of some one. Here, Quilici had no knowledge of the assignment; the law gave him the privilege of scheduling the judgment in the name of Thompson, and had he done so he could have discharged the debt without concern as to whether or not an assignment to Beer had been made. Having failed to duly schedule the debt in the name of any one, the debt survived the bankruptcy discharge, in the hands of Beer, and when the judgment was reassigned to Thompson, he became subrogated to the rights of Beer. Calmenson v. Moudry, 137 Minn. 123, 162 N. W. 1076. After such reassignment by Beer to Thompson, Thompson could sue on the debt, as the owner thereof. The fact that Thompson was the original owner of the judgment and did not own it during the bankruptcy proceedings would not change his position in relation thereto after the reassignment, in any manner whatsoever. The bankrupt is under obligation to schedule a claim in the name of an assignee only in the event that he has notice of such an assignment, and if an assignee fails to give such notice, such assignee cannot complain that a claim was not scheduled in his name, in the event that the said debt has been discharged by duly scheduling it in the name of the original holder. We think this follows irrespective of whether an assignment has been perfected or not.

We have carefully considered the cases cited by appellant in support of the proposition that respondent

Thompson is not in a position to question the regularity of the bankruptcy proceedings because of the assignment to Beer, and we find nothing contained in said cases which is contrary to the conclusions we have reached. The appellant strongly relies on the case of Morency v. Landry, 79 N. H. 305, 108 A. 855, 9 A. L. R. 123. As we read that case, it merely affirms the rule that a claim is to be scheduled in the name of an assignee only when knowledge of the assignment is given the bankrupt, but when no notice is given of the assignment, the bankrupt is not thus relieved of the positive duty of duly scheduling a claim, and if he fails in that duty the debt is not discharged and survives the bankruptcy proceedings. Here the judgment in question was not duly scheduled; the discharge in bankruptcy did not extinguish the debt represented thereby, and it remained a valid obligation against Quilici, which could be asserted by any rightful owner thereof; this Thompson became at the time of the reassignment.

The judgment is affirmed.