Atlantic County Circuit Court.

JOSEPH L. BUCCI, PLAINTIFF. v. JOHN LaROCCA, DEFENDANT.

Decided September 3, 1943.

For the plaintiff, *Harry M. Tonkin.*

For the defendant, *William E. Stringer.*

BURLING, C. C. J.   Petition was filed in this court by the defendant in the above entitled cause, setting forth that the plaintiff recovered a judgment in this court on the 9th day of July, 1927 (erroneously referred to in said petition as 1937), in the sum of $708.40 damages and $59.57 costs; that on March 26th, 1932, defendant herein filed a voluntary petition in bankruptcy, in the United States District Court for the District of New Jersey, and was adjudicated a bankrupt and by an order of said court on the 1st day of August, 1932, was granted a discharge of all debts and claims which were made provable by the Bankruptcy Acts of the United States of America which existed on the 26th day of March, 1932, excepting such debts as were by law excepted from the operation of the discharge in bankruptcy; that the judgment herein referred to was a listed and provable claim included within the purview of the order of discharge; that on June 1st, 1943, a writ of execution was issued out of this court and directed to the sheriff of the County of Atlantic, and thereafter a levy was made upon money on deposit of the defendant herein in the Ventnor City National Bank, in the County of Atlantic and upon the defendant's automobile.   The prayer of the petition is to restrain the sheriff of the County of Atlantic from proceeding further under the directions of

said writ and restraining the plaintiff herein from taking any other or further steps toward the collection of said judgment against the defendant.

Rule to show cause based upon said petition was granted and made returnable before this court, directing the said Joseph L. Bucci and the sheriff of the County of Atlantic to show cause why the prayer of said petition should not be granted.

Appearance was made by the plaintiff, Joseph L. Bucci, and evidence was received by the court as hereinafter referred to.

The plaintiff opposes the application on the ground that the debt is not discharged by the bankruptcy proceedings.

The pertinent provisions of the Bankruptcy Act effective at the time of the filing of the petition in bankruptcy relating to debts not affected by discharge, may be found in the Code of Laws of United States of America, in force January 3d, 1935, 11 *U. S. C. A.*, § 35, and is as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as  *  *  *  (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt unless such creditor had notice or actual knowledge of the proceedings in bankruptcy  *  *  *."

There was in effect, at the time of the filing of the petition in bankruptcy, the following pertinent provision with respect to the duties of the bankrupt in the preparation of his schedules:

"The bankrupt shall  *  *  *  (8) prepare, make oath to, and file in Court within ten days after adjudication, if an involuntary bankrupt and within ten days after the filing of a petition, if a voluntary bankrupt (unless in either case further time is granted) a schedule of his property showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors showing their residence, if known; if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any, and a claim for such exemptions, as he may be entitled to, all in triplicate, one copy of

each for the clerk, one for the referee, and one for the trustee; * * *."

This provision may be found in the Code of Laws of United States of America, in force January 3d, 1935, 11 *U. S. C. A.*, § 25, and was originally known as section 7 of the Act of 1898.

The schedules of the bankrupt were admitted into evidence and under the subdivision thereof, entitled "creditors whose claims are unsecured," the following appears:

(N. B.) When the name and residence (or either) of any drawer, maker, indorser, or holder of any bill or note, &c., are unknown, the fact must be stated, and also the name and residence of the last holder known to the debtor. The debt due to each creditor must be stated in full, and any claim by way of set-off stated in the schedule of property.

| Reference to Ledger or Voucher | Name of creditors | Residence (if unknown that fact must be stated) | When and where contracted | Amount |
|---|---|---|---|---|
| * | * | * | * | * | * | * |
| Note—Atlantic Safe Deposit & Trust Co., Atlantic City, N. J., note originally $750.00 endorsed by Joseph T. Bucci reduced to $670 by endorser. Interest to be added from December 8, 1926 | | | | $670.00 |

It is contended and it appears to be a fact that the judgment referred to in the petition herein is the outgrowth of the note referred to in the schedules. However, it appears from an examination of the file in this cause of action in the Atlantic County clerk's office that the Atlantic Safe Deposit and Trust Company, on November 28th, 1926, assigned, transferred and delivered said note and the amount due thereon, to Joseph T. Bucci, the endorser, and the plaintiff herein, upon the payment to it, by the endorser of the amount due on said note. The plaintiff thereafter proceeded, as the holder thereof, to the entry of the judgment hereinbefore

referred to more than three years prior to the date of the filing of the petition in bankruptcy.

There was introduced into evidence the order of discharge. At this point, it is appropriate to comment on the question of procedure in relation to the responsibility for the presentation of adequate proofs, and in this respect the defendant relies upon the principle asserted in *Claflin* v. *Wolff* (*Court of Errors and Appeals,* 1915), 88 *N. J. L.* 308; 96 *Atl. Rep.* 73, wherein the pertinent provisions of the Bankruptcy Act of 1898 as amended were under consideration, and where in the syllabus, it is stated:

"1. Section 17 of the Bankruptcy Act of 1898, as amended [11 *U. S. C. A.*, § 35], provides that "a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." *Held* that in a suit against the bankrupt, subsequent to his discharge, upon a debt existing at the time of the filing of the petition, the production of a certified copy of the order of discharge makes a *prima facie* defense, and the burden is cast upon the plaintiff to show that his debt came within the exceptions."

and which case relies upon the case of *Kreitlein* v. *Ferger* (*Supreme Court,* 1914), 238 *U. S.* 21; 35 *S. Ct.* 685. This principle is subsequently referred to several times in the courts of this state. For instance, *City Hall Building and Loan* v. *Star Corp.* (*Court of Errors and Appeals,* 1933), 110 *N. J. L.* 570; 166 *Atl. Rep.* 223; *Damato* v. *Ambrose* (*Supreme Court,* 1931), 122 *N. J. L.* 539 (at *p.* 543) ; 6 *Atl. Rep.* (*2d*) 189; *Freedman* v. *Cooper* (*Supreme Court,* 1931), 126 *N. J. L.* 177 (at *p.* 179) ; 17 *Atl. Rep.* (*2d*) 609.

The file and proceedings in bankruptcy in the United States District Court for the District of New Jersey were offered and received in evidence and the testimony of Dorothy Campbell Culkin, formerly employed as a clerk in the office of the late Honorable Robert E. Steedle, referee in bankruptcy, in said proceedings. The defendant bankrupt was not called as a witness by either of the parties.

The requirement of scheduling names and residences of the creditors is a most important one, and has been strictly interpreted. 1 *Collier on Bankruptcy* (*14th ed.*) 1626.

Under this exception only duly scheduled debts are discharged. "Due scheduling" means proper scheduling. Obviously, what is and what is not "due scheduling" must depend largely upon the facts in each case. 7 *Remington on Bankruptcy* (*5th ed.*) 832.

As in the case of scheduling names of creditors, great care must be exercised by the bankrupt in specifying residences of creditors. In this respect, "due scheduling" requires that the residences of creditors, if known to the bankrupt be set forth correctly in the schedule, if the bankrupt is ignorant of such information, such fact should be expressly stated in the schedule. Where the residence of a creditor has been designated as unknown but in fact the bankrupt by the exercise of reasonable diligence could have ascertained the creditor's address, the debt will not be discharged. 1 *Collier on Bankruptcy* (*14th ed.*) 1631.

It is to be noted that the defendant was not a mercantile man. His vocation was that of a barber. An examination of the schedule of creditors whose claims are unsecured indicate that his gross liabilities were approximately $3,000, and these were distributed among only ten creditors. Three of his obligations were notes with endorsers. The plaintiff conducted continuously a tailoring business in the City of Atlantic City and resided in said city since 1909. The defendant resided continuously in the City of Atlantic City since 1915, and was employed there and had known the plaintiff since he moved there. The plaintiff conducted his business in the 2700 and 2600 blocks on Atlantic Avenue and 2600 block on Pacific Avenue, prior to the filing of the petition in bankruptcy and resided at the time of the bankruptcy proceedings at Montpelier and Atlantic Avenue, in the 3200 block. All within relatively narrow confines.

Discussions were had by the defendant with the plaintiff respecting the institution of suit by the plaintiff leading to the entry of the judgment in 1927, and subsequently in an attempt to purchase merchandise in the store of the plaintiff prior to the bankruptcy proceedings.

No attempt was made to offer into evidence on the part of the defendant, proof of his exercise of due diligence in attempting to ascertain the residence of the plaintiff.

It is apparent that in the exercise of reasonable diligence, the address of the residence of the plaintiff at the time of the institution of the bankruptcy proceedings was easily ascertainable, and I so find.

In the recent case of *Salmon* v. *Sarno* (*Supreme Court,* 1942), 265 *App. Div.* 114; 37 *N. Y. S.* (2*d*) 870 (at *p.* 872), it is stated:

"Defendant admits that he did not list the creditor's residence or his correct business address, and there is no proof that the residence was unknown. It is alleged and not denied that the lease upon which the claim sought to be discharged was based, showed plaintiff's residence. The telephone directory gave his correct business address. The purpose of the statute is to prevent a bankrupt from keeping his creditors in ignorance of his proceedings without penalty to himself. See *Gilbert's Collier on Bankruptcy* (4*th ed*). 376, ¶ 563. A holding that a bankrupt is discharged although he has failed to list either the residence or the correct business address of a creditor would enable a bankrupt to evade the provisions of the Bankruptcy Act while purporting to comply therewith and obtain a discharge without having duly scheduled his known creditors. In *Parker* v. *Murphy,* 215 *Mass.* 72; 102 *N. E. Rep.* 85, 87, the Supreme Court of Massachusetts, holding that claims are not duly scheduled unless the names of the creditors showing their residence if known are on the list of creditors filed, said: 'The requirement for duly scheduling the names and residences of creditors is a most important one. It is in compliance with the generally recognized principle that one shall not be barred of his claim without the opportunity of having his day in court. It is for the benefit of the creditors and in the interest of fair dealing with them and is to be construed in harmony with this purpose. It is essential in order that notice in the bankruptcy proceeding may be sent him. It has been construed with some strictness. *Birkett* v. *Columbia Bank,* 195 *U. S.* 345; 25 *S. Ct.* 38; 49 *L. Ed.* 231; *Custard* v. *Wigderson,* 130 *Wis.* 412; 110 *N. W. Rep.* 263; 10 *Ann. Cas.* 740.' "

In 7 *Remington on Bankruptcy* (*5th ed.*) *art.* 3575, *p.* 841, it is stated:

"3575. Diligence in Ascertaining Correct Address. The bankrupt is bound to use reasonable diligence in ascertaining a creditor's correct address; and failure to use due diligence in that regard will bar the excuse of lack of actual knowledge.

"Thus, failure to look in the city directory of a great city, both creditor and bankrupt being residents, is not due scheduling.

"And the plaintiff having proved the misstatement of his residence in the defendant's schedules, the burden of proof is upon the latter to prove that he used due diligence in attempting to ascertain the plaintiff's actual residence."

Thus we are confronted with a situation where there is a void with respect to the residence of the plaintiff in the schedules.

In the case of *Caldwell* v. *Eastman* (*Supreme Court, Massachusetts,* 1924), 248 *Mass.* 332; 142 *N. E. Rep.* 765 (at *p.* 766), it was held:

"When the misstatement of the residence was proved by the plaintiff, the burden of proof still rested on the defendant to satisfy the court and jury that the defendant used due diligence and made proper effect to ascertain the actual abode and residence of the creditor, and the judge, in the absence of any explanation, was warranted in inferring a lack of diligence in this regard."

The defendant relies materially upon the decisions in the cases of *Claflin* v. *Wolff* (*ante*), *Kreitlein* v. *Ferger* (*ante*), and *Freedman* v. *Cooper* (*ante*). These cases are readily distinguishable from the situation at hand. In them, the question was raised as to the sufficiency of the address. In the Claflin case it was a corporate plaintiff, and the address was given as New York City, and in the Kreitlein case, the address was given as Indianapolis, and in the Freedman case, the address was given as Newark, New Jersey. Here no address was listed, either residence or business.

In passing it is to be noted the further carelessness and treatment of this claim by the bankrupt, in that the claim is listed as a note, whereas the defendant was aware that it had

been assigned by the original holder, Atlantic Safe Deposit and Trust Company of Atlantic City, in 1926, and reduced to judgment in July, 1927, by virtue of his having been made a party to the suit of the plaintiff in this court and the facts recited in the complaint. Plaintiff should have been listed as the principal and only creditor in relation to this claim. There was an inaccuracy in the statement of the amount of the claim. Perhaps these features are not sufficient to constitute from the cases a failure to properly schedule. *Claflin* v. *Wolff* (*ante*). But the failure in relation to the plaintiff's address is "jurisdictional."

I find that the claim, now the judgment of the plaintiff, was not duly scheduled.

I find that the plaintiff had no notice or actual knowledge of the proceedings in bankruptcy.

After proof of lack of due scheduling has been met, the burden is upon the bankrupt to show actual knowledge or notice of the bankruptcy on the creditor's part. *7 Remington on Bankruptcy* (*5th ed.*), *art. 3578, 843; Hill* v. *Smith* (*Supreme Court, 1923*), *260 U. S. 592; 43 S. Ct. 219; 8 Corp. Jur. Secundum, Bankruptcy, 1585, § 586, subsec. b.* And further enunciated in *Birkett* v. *Columbia Bank* (*Supreme Court, 1904*), *195 U. S. 345; 25 S. Ct. 38, 40,* wherein the matter of the time of actual knowledge was under review. This pertinent comment was made:

"Actual knowledge of the proceedings, contemplated by the section, is a knowledge in time to avail a creditor of the benefits of the law—in time to give him an equal opportunity with other creditors—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate, or to deprive him of dividends (Par. 65). The provisions of the law relied upon by plaintiff in error are for the benefit of creditors, not of the debtor. That the law should give a creditor remedies against the estate of a bankrupt, notwithstanding the neglect or default of the bankrupt, is natural. The law would be, indeed, defective without them. It would also be defective if it permitted the bankrupt to experiment with it—to so manage and use its provisions as to conceal his estate, deceive or keep his credi-

tors in ignorance of his proceedings, without penalty to him. It is easy to see what results such looseness would permit—what preference could be accomplished, and covered by it."

Also refer to *Feld Lumber Co.* v. *Bornstein* (*Supreme Court,* 1937), 118 *N. J. L.* 357 (at *p.* 358); 192 *Atl. Rep.* 738.

The testimony of the witness, Dorothy Campbell Culkin, clerk in the office of the late referee was not convincing and dispositive, not because the witness did not make an honest attempt to aid the court in the situation, but the lapse of years (1932—eleven years) made it difficult for her to rely solely upon her memory, as to the particular instance, since it was only one of the many tasks she was called upon to perform in her course of business, and there were no unusual circumstances or memorandums in the file of the late referee (which was also introduced into evidence) to single out this particular case or to indicate that any special attempt was made to establish the address either by work of the referee or his assistants, or by his exercising his prerogative under section 35 of the Bankruptcy Act, in calling upon the bankrupt. The presumptions that were alleged in the Claflin case (*ante*) were not effective because in that case the proofs established that the notices were mailed as set forth in the schedule and an address was therein provided.

The affidavit of mailing in the file in this case states that the notice was mailed to "each of the creditors of the above named bankrupt, mentioned in the schedule filed herein at the respective addresses stated in said schedules, or where the creditor has designated an address other than that stated in the said schedules and in such case, to such designated address as on file in the office of said referee" and as heretofore stated there is no satisfactory proof of the filing of the void.

In conclusion the quotation from the dissenting opinion, in the *Kreillein* v. *Ferger* (*ante*), is pertinent:

"It seems to me that in this case there is an utter lack of that diligence to ascertain and state the residence of the creditor which is required to give the discharge the effect of barring this claim."

It is immaterial whether the omission or failure to schedule "duly" the debt was innocent, or was fraudulent, willful, intentional or careless; the fact, not the intent, is controlling under the present law. 7 *Remington on Bankruptcy* (*5th ed.*) *art.* 3573, *p.* 841.

The petition is denied and an appropriate rule may be presented.