Nash, J.
This is an action of contract based upon a promissory note dated July 13, 1926, by writ dated March 22,1943 in which the plaintiff seeks to recover $100.00 with interest. The defendant answered he was adjudicated a bankrupt on February 6,1931 and was granted a discharge on September 5, 1932; and that the plaintiff had notice or *54 actual knowledge of the bankruptcy proceedings in time for proof and allowance of all her claims, and is therefore discharged of the debt sued upon..
The Court found a witnessed note dated July 13, 1926 for $100.00' payable in one year with 6% interest payable semi-annually had been given to the plaintiff by the defendant; that the defendant was adjudicated a bankrupt on February 6, 1931 and was granted a discharge on September 5, 1932; that the defendant did not list, include, or schedule said note in his bandruptcy petition; that the plaintiff did not have seasonable knowledge of the bankruptcy proceedings; that the note obligation was not discharged by the discharge in bankruptcy; and that the defendant owes the plaintiff the principal sum of the note with interest.
The defendant duly filed the following three requests for rulings1:
1. The defendant having submitted to the Court his discharge in bankruptcy, it is conclusive evidence of the fact that he was discharged under the U. S. Bankruptcy Act, and his discharge cannot be attacked unless it was annuled by the Court which granted it.
2. Even if the defendant omitted the plaintiff’s name in his bankruptcy petition and failed to give notice to the plaintiff creditor, the plaintiff cannot now maintain her action.
3. Upon all the evidence in this case, the Court is warranted in finding for the defendant.
The Court allowed the first as a general statement of law but not applicable to the facts as he found them and refused requests No. 2 and 3.
Request #3 is based “upon all the evidence” and in accordance with Rule 27 of the District Courts (1940) the *55 defendant has “no review as a matter of right” without further specifying the grounds upon which he bases his request where such is possible as in this case. We therefore find no error in the Courts refusal of this request.
The only request in issue is numbered 2 and the Court denied it.
By U. S. Code 1940 Ed. Title 11, Section 35, it is provided that “a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . ” (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy:” . . .
The Court found that the “note was not listed or included in the defendant’s bankruptcy petition, and that the plaintiff had no seasonable notice of said bankruptcy proceedings”.
The statute is decisive of the question — as was stated in the case of VanGilder v. Barnes, 285 N. W. 35, 288 Mich. 492 —“A debt not duly scheduled survives a discharge in bankruptcy unless the creditor has notice or actual knowledge of the proceedings in bankruptcy”.
There is no error in the Trial Judge’s disposition of the rulings of law. Report dismissed.