In the Matter of William (Willie)
VENSON, Bankrupt.
No. 46712.

United States District Court
N. D. Georgia,
Atlanta Division.
March 16, 1964.

F. L. Breen, Atlanta, Ga., for bankrupt.

King & Spalding, Atlanta, Ga., for Housing Authority, City of Atlanta.

MORGAN, District Judge.

William Venson, on September 26, 1963, was adjudged a bankrupt as a re-

sult of petition and schedules filed by him on that date. Among the debts which were scheduled by the bankrupt in his petition was a common law judgment which had been entered against him in condemnation proceedings in the amount of $7,200.00. This judgment against William Venson was in favor of the Housing Authority of the City of Atlanta, and was listed on the schedules in the following manner:

Judgment Superior Court of Fulton County, Georgia, Case No. A–88440, The Housing Authority of the City of Atlanta, dated February 18, 1963          $7200.00

The Housing Authority of the City of Atlanta asserts that it was not listed as a creditor, and that the listing set forth above does not properly discharge the claim of the Housing Authority. Upon a hearing held before me on March 10, 1964, the attorney for the Housing Authority submitted an affidavit from a secretary in the office of the Referee in Bankruptcy who mails out the notices to the various creditors, and this affidavit states that this secretary mailed the notice to the Superior Court of Fulton County and not to the Housing Authority of the City of Altanta.

An admission was made by the attorney for the Housing Authority that a member of the Housing Authority of the City of Atlanta, a Mr. Bob Waller, read of a William Venson bankruptcy in the Fulton County Daily Report. However, in that report no listing of the claims of any creditors was made, it being only a listing of a bankruptcy petition having been filed.

Subdivision *a* of Section 58 of the Bankruptcy Act requires that ten days notice shall be given to "creditors" in the instances specified therein. Subdivision *b* provides for thirty days' notice of the last day fixed for filing of objections to a discharge to (1) creditors, (2) the trustee and his attorney, and (3) the United States Attorney of the judicial district wherein the proceeding is pending.

For a debt to be "duly scheduled", the name of the creditor must be included in the schedule though failure of his description may not be fatal. See Re Osofsky, 2 Cir., 50 F.2d 241. What constitutes satisfactory performance of this requirement depends upon the particular facts in each case. Kreitlein v. Ferger, 238 U.S. 21, 35 S.Ct. 685, 59 L. Ed. 1184.

While extreme exactness must be used in scheduling the creditors by name, a misnomer need not be fatal on the principle of idem sonans or whether the creditor can easily be ascertained from the whole description given.

As in the case of scheduling the names of creditors, great care must be exercised by the bankrupt in specifying residences of creditors. In this respect, "due scheduling" requires that the residences of creditors, if known to the bankrupt, be set forth correctly in the schedule; If the bankrupt is ignorant of such information, such facts should be expressly stated in the schedule. No fixed rule can be laid down as to the particular manner in which the residence of a creditor must be designated, but the particular circumstances of each case must be examined. The statute requires that the creditor should have "had notice or actual knowledge" and the rule is well established that where a statute requires notice to be given and there is nothing in the context of the statute or in the circumstances of the case to show that any other notice was intended, a personal notice must always be given.

We are confronted in this case with whether or not a reading of the filing of a petition in bankruptcy by a member of the Housing Authority of the City of Atlanta constituted actual notice as is required under the Act. Under Section 17, sub. a(3) of the Act, debts not duly scheduled in time for proof and allowance are not affected by discharge unless the creditor had notice or actual knowledge of the proceedings in bankruptcy. The problem therefore arises as to what constitutes notice or actual

knowledge within the intent of this provision. Such knowledge must be actually existent and not mere constructive notice or imputed knowledge. Knowledge obtained from reading the newspaper or from verbal communication has been held sufficient although the publication itself does not constitute notice. Bank of Wrightsville v. Four Seasons, 21 Ga.App. 453, 94 S.E. 649; Tyler v. Jones County Bank, (1949) 78 Ga.App. 741, 52 S.E.2d 547.

When the bankrupt has put the certified copy of the order of discharge in evidence, he has established a prima facie case to any suit against him based upon a debt existing at the time of the filing of his petition. The creditor then, in this instance the Housing Authority of the City of Atlanta, has the burden of proving that he comes within the sections enumerated in Section 17, sub. a, which, as applied to Clause (3), means that his claim was not duly scheduled in time for proof and allowance. When he has done this, the bankrupt must carry the burden of showing that the creditor comes within the "unless" clause, which reads: "unless such creditor had notice or actual knowledge of the proceedings in bankruptcy".

In the opinion of this Court, a mere reading by a member of the Housing Authority of a bankruptcy petition having been filed by a William Venson, without any listing of claims of creditors, is insufficient to constitute actual knowledge required under the Act. This, coupled with the inadvertent mailing of a notice to the Superior Court of Fulton County, rather than to the proper creditor, the Housing Authority of the City of Atlanta, indicates to the Court that the requirements of the Act have not been met, and that, therefore, this $7,200.00 judgment should not be discharged.

The bankrupt was at fault by failing to properly list this claim in his schedules. The secretary in the Bankruptcy Office inadvertently mailed the notice to the Superior Court of Fulton County, and the bankrupt cannot obtain the benefit of a casual reading of the Fulton County Daily Report so as to constitute the actual knowledge required herein.

In view of the above expression of opinion, the burden of proof has been met by the Housing Authority, and the Court determines that the claim of the Housing Authority has not been properly discharged in the case of William Venson. Therefore, the temporary restraining order heretofore entered by the Court is dissolved in order that the Housing Authority can take whatever action it deems appropriate in the case herein.

It is so ordered.