William (Willie) VENSON, Bankrupt,
Appellant,

v.

HOUSING AUTHORITY OF the CITY OF ATLANTA, Appellee.

No. 21487.

United States Court of Appeals
Fifth Circuit.

Oct. 16, 1964.

F. L. Breen, Atlanta, Ga., for appellant.

Charles M. Kidd, Atlanta, Ga., King & Spalding, Atlanta, Ga., for appellee.

Before BROWN and BELL, Circuit Judges, and SPEARS, District Judge.

PER CURIAM.

The District Court in this case refused to restrain discovery proceedings by a

creditor, the Housing Authority of the City of Atlanta, against a bankrupt. The debt in question had been scheduled as follows:

"Judgment Superior Court of Fulton, County, Georgia Case No. A–8844, The Housing Authority of the City of Atlanta, dated February 18, 1963. 7,200"

The clerk of the bankruptcy court who is charged with the duty of notifying creditors of the bankruptcy proceedings sent a letter of notice to the Superior Court of Fulton County, rather than to the Housing Authority. This letter was never received by the Authority. However, it was admitted below that an employee of the Housing Authority had read of a William Venson bankruptcy in the Fulton County Daily Report.

The District Court rejected the defense of discharge in bankruptcy, holding first that the debt had not been "duly scheduled" within §§ 17, sub. a(3) and 7(8) of the Bankruptcy Act, 11 U.S.C. §§ 35, sub. a(3) and 25(8), and second that the Housing Authority had no actual knowledge of the bankruptcy proceedings within the meaning of § 7(8) of the Act. On this appeal, Venson contends that both of these holdings were erroneous.

The District Court gave thorough consideration to these questions, and we hold that it correctly concluded that the debt was not duly scheduled and that the Authority had no actual knowledge of the bankruptcy proceedings. In the Matter of Venson, Bankrupt, N.D. Ga., 1964, 234 F.Supp. 271, Venson not only failed to indicate the creditor's address as required by the Act, but also listed the debt in a manner likely to confuse the bankruptcy clerk as to whether the creditor was the Housing Authority or the Superior Court. The debt being thus improperly scheduled, in order to secure a discharge Venson had the burden of proving that nevertheless the Authority had actual knowledge of the bankruptcy proceedings. This he failed to carry.

Affirmed.