No. 48,119

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, MALCOLM M. NICHOLSON, and GOLDIE M. NICHOLSON, *Appellants,* v. HARLAND CECIL HALL, *Appellee.*

(559 P. 2d 357)

Opinion filed January 22, 1977.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause and *Wilbur D. Geeding,* of Wichita, was with him on the brief for State Farm Mutual Automobile Insurance Company, appellant.

*K. Mike Kimball,* of Hathaway & Kimball, of Ulysses, was on the brief for Malcolm and Goldie Nicholson, appellants.

*Lelyn J. Braun,* of Braun & Nyswonger, Chartered, of Garden City, argued the cause, and *J. Stephen Nyswonger,* of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is a subrogation action brought by an automobile insurance carrier for its own benefit and that of its insureds seeking to recover property damage and personal injury damages arising out of an automobile acident which occurred July 11, 1972. The trial court ruled that the action was barred by a discharge, previ-

ously obtained, in a voluntary bankruptcy proceeding instituted by the defendant, Harland Cecil Hall.

The automobile accident involved the plaintiffs, Malcolm M. Nicholson and Goldie M. Nicholson, and defendant Hall. Soon after the accident the Nicholsons sued Hall praying for $31,925.00 in damages. This lawsuit was filed in the District Court of Seward County and was eventually dismissed for lack of prosecution on January 14, 1974.

The instant action was filed on June 10, 1974, after State Farm Mutual Automobile Insurance Company (hereafter referred to as State Farm) had paid the Nicholsons under their automobile policy and taken a trust receipt from them. Defendant was served with a summons in the instant action on either July 11 or 13, 1974, but was in default on his answer date and the plaintiffs filed a motion for judgment on August 22, 1974. Thereafter, on September 11, 1974, defendant filed a motion to dismiss the action on the ground it was barred by an order of discharge in bankruptcy filed April 13, 1973. In his motion to dismiss defendant attached excerpts from bankruptcy proceedings in which he was the petitioner. Defendant alleged that even though State Farm was not named in the bankruptcy proceedings it was, likewise, barred from proceeding to judgment against this defendant in the instant action because its rights herein stemmed from subrogation to the rights of the Nicholsons and was limited to such rights.

At the trial court hearing on defendant's motion to dismiss, the plaintiffs submitted affidavits and proffered testimony to the effect that neither the Nicholsons nor their attorney ever received notice or had actual knowledge of defendant's bankruptcy proceedings until his motion to dismiss the action was filed.

Following the accident a driver's license hearing was held concerning defendant's driving privileges. The record discloses that during such hearing defendant's lawyer did tell the Nicholsons' lawyer, who was in attendance at the hearing, that should defendant lose his driver's license he would have to file bankruptcy. Three days later, on September 14, 1972, defendant Hall filed his voluntary petition in bankruptcy. On Schedule A(3), which provides for the listing of unsecured creditors and gives instructions in connection therewith, defendant listed a description of the lawsuit filed against defendant by the Nicholsons. Defendant did not list Nicholsons' lawyer's name or the address of either the Nicholsons

or their lawyer. The pertinent portion of Schedule A(3) is reproduced in the record as follows:

"Amount Due or Claimed"
"Personal injury claim;
Malcolm Nicholson and Goldie M. Nicholson, plaintiffs, vs. Harland Hall, defendant, in the District Court of Seward County, Kansas, case No. 10742, prayer $31,925.00 this is contingent, unliquidated and disputed; and plaintiff's liability insurance carrier, whose name is unknown.

$31,925.00"

The record discloses that a copy of the notice of first meeting of creditors and a copy of the notice of the entry of defendant's discharge in bankruptcy were mailed to the District Court of Seward County. Neither of these documents ever became a part of the court file in the District Court of Seward County, nor did the court records reflect that either of such notices from the bankruptcy court had been received as of the time of the hearing on the motion to dismiss in the instant case. The bankruptcy court proceedings disclosed that defendant received a discharge on April 13, 1973.

Plaintiffs objected to the filing of defendant's motion to dismiss as being out of time, but the trial court overruled the objection and proceeded to hear the matter on October 14, 1974, and after hearing the arguments of counsel and examining the affidavits and exhibits, submitted by the parties, the proceedings concluded as follows:

"MR. GEEDING (attorney for State Farm): Nothing shows we had notice or actual knowledge of the bankruptcy before this court at this time.

"THE COURT: Well, you are correct as to that point. However, it is 12:25 and I am going to go to lunch and continue this matter until after lunch."

After lunch, the court indicated it reserved a decision on the motion to dismiss, and then proceeded to hear evidence on plaintiffs' motion for judgment. The trial court did not make any rulings concerning the motion for judgment. On March 21, 1975, the trial court, in a letter addressed to all counsel, stated as follows:

"I am granting the defendant's motion to dismiss on the grounds the record reflects the obligation to have been discharged by the bankruptcy court and I am directing Mr. Braun to file a journal entry of my order to be submitted to me after circulation of same to counsel for approval."

After hearing plaintiffs' motion to alter or amend, which was denied, the court on March 21, 1975, entered its written order which read in pertinent part:

"The Court finds from the pleadings and the files, affidavits on file, and

letter briefs of the attorneys for plaintiff and defendant that the motion to dismiss filed by the defendant herein on the grounds the record reflects the obligation to have been discharged by the bankruptcy court be and the same is hereby sustained."

This appeal followed.

Plaintiffs assert two points of error on appeal: (1) The trial court erred in ruling that defendant's discharge in bankruptcy barred the present action; and (2) the trial court erred and abused its discretion in permitting defendant to file his motion to dismiss out of time.

Point 2 may be summarily disposed of. The trial court under K. S. A. 60-255 (*b*) and 60-260 (*b*) is given discretion in allowing pleadings to be filed out of time. In the case at bar, there is no showing that intervening rights of the parties were affected and the period of time involved was not unreasonably long. Under such circumstances, we are unable to say the trial court abused its discretion in this regard.

Point 1 cannot be so readily disposed of. At the outset, it is noted the trial court failed to make findings of fact and conclusions of law. The record indicates the trial court considered the issue whether notice of the bankruptcy had been received, but failed to specifically find whether plaintiffs, or either of them, had actual knowledge or notice. We are unable to ascertain from the language of the court's order whether it was based on a finding the scheduling was proper and, therefore, notice was irrelevant or whether plaintiffs had actual knowledge of the proceedings which would have cured defective scheduling.

It is plaintiffs' position that defendant failed to properly schedule the claim in question in conformance with mandatory provisions of the Bankruptcy Act and that, as a result of such improper scheduling, plaintiffs received no notice of such proceedings and under specific language of the Bankruptcy Act defendant's discharge is not a bar to the instant action.

No question was raised in the trial court nor on appeal as to the state court being the proper forum for determining the question of dischargeability of the obligation in question.

The duties of a bankrupt are set forth in the Bankruptcy Act, § 7a, 11 U. S. C. A. § 25(a). Subdivision (8) of § 7a, provides in pertinent part that a voluntary bankrupt shall file with his petition:

". . . [A] list of all his creditors, including all persons asserting contingent, unliquidated, or disputed claims, showing their residences or places of business, if known, or if unknown that fact to be stated. . . ." (p. 661.)

Cases dealing with the requirements of subdivision (8) that a bankrupt file a list of creditors showing their residences and addresses or declaring the fact that such addresses are unknown, consistently hold that the subdivision must be strictly complied with. (*Bucci v. LaRocca*, 21 N. J. Misc. 316, 33 A. 2d 878; *Marlowe v. Patt*, 277 N. Y. App. Div. 806, 96 N. Y. S. 2d 725; and *Van Gilder v. Barnes*, 288 Mich. 492, 285 N. W. 35.)

In an analysis of § 7a(8), appearing in 1(A) Collier on Bankruptcy [14th Edition, 1975], we find these pertinent comments:

"The provisions of clause (8) are imperative, and relate to one of the most important duties of the bankrupt's attorney. Forms have been prescribed by the Supreme Court for use in preparation of the schedules and these forms should be followed as closely as possible. The value of a discharge in bankruptcy thereafter obtained may well depend upon the care with which the schedules are prepared and the requirements of § 7a(8) and the relevant rules, particularly Rule 108, are fulfilled. This is particularly true with regard to setting forth the names and addresses of the creditors. A discharge in bankruptcy does not release a bankrupt from a debt that has not been scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

". . . Omitted creditors, without notice or actual knowledge of the bankruptcy, can still enforce their claims against him as though he had not been discharged in bankruptcy. . . ." (pp. 984-985.)

Bankruptcy Rule 108(a) (U. S. C. A. Bankruptcy Rules and Official Bankruptcy Forms, 1975 Pamphlet) directs that the bankrupt file schedules of his debts in the manner prescribed by Official Bankruptcy Form 6, pertaining to Schedule A-3 (unsecured creditors). Official Form 6, U. S. C. A. 1975 Pamphlet, directs that a creditor's residence or place of business is to be listed and if such address is unknown, that fact must be stated. Further directions concerning creditor schedules are spelled out in Local Bankruptcy Rule 8F (Bankruptcy Rules of the United States District Court for the District of Kansas), which provides in pertinent part:

"F. *Creditor schedules.* In each schedule of creditors, their names shall be listed alphabetically and the listing shall include the full and complete post office address of each creditor, including post office box or street number, ZIP code, and the city or town and state. . . ." (p. 65.)

Debts excepted from release by a discharge in bankruptcy are delineated in Bankruptcy Act § 17 a, 11 U. S. C. A. § 35, subdivision (3) pertaining to debts not duly scheduled. It reads:

". . . [H]ave not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor

had notice or actual knowledge of the proceedings in bankruptcy; . . ." (p 271.)

In the case at bar, defendant Hall listed the earlier Seward County District Court case by title and case number on his Schedule A-3. He listed the Nicholsons by name, but did not list their address nor the fact that such address was unknown, nor did he list the name or address of Nicholsons' attorney. As counsel for plaintiffs point out, if defendant had looked at the pleadings, which he must have done in order to copy the title, case number and prayer for relief, he would have seen that the Nicholsons lived in Ulysses. Defendant would have also seen the name and address of Nicholsons' attorney.

It has been held to be immaterial whether failure to properly schedule a creditor was innocent or fraudulent, willful or careless. It is the fact of such failure, not the intent that controls. (See *Bucci v. LaRocca,* supra.)

From our examination of the pertinent sections of the Act, and numerous cases annotated in 11 U. S. C. A., we have concluded the debt in question was not properly scheduled in the instant case. The case of *Venson v. Housing Authority of the City of Atlanta,* (Fifth Circuit, 1964), 337 F. 2d 616, appears to be squarely in point. The district court's decision (*In re Venson,* 234 F. Supp. 271) that the debt in *Venson* was improperly scheduled and that the bankrupt had the burden of showing the creditor's actual knowledge was affirmed.

In *Venson* (234 F. Supp. 271) the Housing Authority debt had been scheduled by the bankrupt as follows:

"Judgment Superior Court of Fulton County, Georgia, Case No. A-88440, The Housing Authority of the City of Atlanta, dated February 18, 1963
"$7200.00" (p. 272.)

There, as here, the clerk of the bankruptcy court sent notices to the court in which the action had been filed rather than to the creditor. Under these circumstances the Circuit Court of Appeals held the debt was not duly scheduled. The court said:

". . . Venson not only failed to indicate the creditor's address as required by the Act, but also listed the debt in a manner likely to confuse the bankruptcy clerk as to whether the creditor was the Housing Authority or the Superior Court. The debt being thus improperly scheduled, in order to secure a discharge Venson had the burden of proving that nevertheless the Authority had actual knowledge of the bankruptcy proceedings. . . ." (p. 617.)

It is to be noted that the title of Venson's creditor included the

name of the city and state wherein it was located, but the court, nevertheless, found the scheduling insufficient.

In the case at bar, the debt, as to the Nicholsons, was not duly scheduled, but this leaves the question of the creditor's actual knowledge to be resolved. It is a firmly established rule that a debt not duly scheduled survives a discharge in bankruptcy unless the creditor had notice or actual knowledge of the proceedings in bankruptcy. (See *Van Gilder v. Barnes,* 288 Mich. 492, 285 N. W. 35; *Quilici v. Thompson,* 61 Nev. 118, 119 P. 2d 710; and other cases collected in note 281, 11 U. S. C. A. § 35, commencing at page 346.)

Whether a creditor had actual knowledge of bankruptcy proceedings is a question of fact and the burden of proof by a preponderance of evidence is upon the bankrupt. (*Venson v. Housing Authority of the City of Atlanta,* supra.)

In the instant case, the trial court in its comments from the bench indicated that plaintiffs were correct in their assertion that they had had no notice or actual knowledge of the bankruptcy proceedings. The record appears to support plaintiffs in this regard. However, the court's letter to counsel and the journal entry of its order on defendant's motion to dismiss merely shows its ruling to have been that the "obligation" was discharged by the bankruptcy court. As previously indicated, the trial court failed to state the controlling facts and legal principles controlling its decision. (See Supreme Court Rule No. 116, 214 Kan. xxxvii, now Rule No. 165, 220 Kan.) On this state of the record the cause must be remanded.

The order of the trial court sustaining defendant's motion to dismiss is set aside and the cause is remanded for further proceedings in harmony with this opinion.